### J. A. ROGERS v. WORTH MOORE.

#### No. 1599. Decided November 28, 1907.

**1.—Tax Sales—Foreclosure—Notice by Mail.**

Under article 2366, Revised Statutes, as amended by the Act of 1903 (Laws 28th Leg., p. 104), the requirement that the officer "shall give the defendant or his attorney written notice of such sale (on foreclosure of tax lien), either in person or by mail," is met by mailing the notice required to defendant's address, though it was not received by him. (Pp. 221, 222.)

**2.—Same—Setting Aside Sale.**

If a sale resulted in sacrifice of property at a grossly inadequate price, the court, under its power to prevent abuse of its process, might set it aside where notice was not received. But in these cases the owner has the right to redeem on payment of double the amount bid, which would be less onerous the more inadequate the price. (P. 222.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Rogers sued Moore to vacate a sale of his property to defendant for taxes. Judgment went for defendant, and was affirmed on appeal. Rogers then obtained writ of error.　　.

*Jas. C. Scott,* for plaintiff in error.

*Hunter & Hunter,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—On the 13th day of October, 1904, a judgment was rendered in favor of the State against plaintiff in error for the sum of $51.38, for taxes, besides costs of suit, and also foreclosing a lien therefor upon the property in controversy. At the sheriff's sale of this property under the judgment, which took place December 6, 1904, it was bought for $66.38 by A. P. Luckett, who caused the deed to be made to defendant in error, and this proceeding was instituted by plaintiff ·in error, by motion filed May 18, 1905, in the court under whose process the sale was made, to vacate it because of alleged irregularities in the proceedings and a resulting gross inadequacy of the price. No omission of anything required by law in making the sale is now set up, except that plaintiff in error failed to get the notice of the intended sale required by article 2366, Revised Statutes, as amended by the Act of 1903 (Laws, Reg. Sess., 28th Leg., p. 104), in consequence whereof he did not pay off the judgment and prevent the sale of his property as he would have done had he received the notice. He first learned of the sale soon after it occurred, when he went to the proper officer to pay the taxes. Before filing the motion an offer was made in his behalf to pay to the purchaser the amount of the judgment, and of the costs up to its date, with six percent interest, but the attorney who made the offer declined to refund the costs of the sale or the amount of the purchaser's bid. The property when sold was worth $12,000 or $13,000. It was made to appear that a proper notice of the sale was enclosed in a stamped envelope, addressed to "J. A. Rogers, City," and mailed in proper time. There was in Fort Worth, where plaintiff resided and where the notice was mailed, another J. A. Rogers, whose mail was sometimes confused with plaintiff's.

By article 5233 of the Revised Statutes, sales like that in question are directed to be made "as in other cases of foreclosure." Formerly foreclosure sales were made as sales under execution, and no notice to the defendant in the suit was required other than such as he might obtain from the proceedings and from the posted notices.

In 1895 the statute was amended so as to require further notice to be given "by delivering to the defendant in execution" a copy of that which was to be posted. By the Act of 1903, before referred to, the manner of giving notice was changed so as to provide for the publication thereof in a newspaper, and the further requirement was added that the officer "shall give the defendant, or his attorney, written notice of such sale either in person or by mail." This gives to the officer the choice of two methods, one in person and the other by mail, and notice by mail is given by mailing the paper. To hold that the officer must see that the defendant in the writ actually receives the notice would be equivalent to holding that he must give personal notice. The

natural meaning of the requirement that the notice is to be given "by mail" is that it is to be mailed. Lathrop v. Greenfield Stock, etc., Ins. Co., 2 Allen, 85; Shed v. Brett, 1 Pick., 401.

The history given of the legislation, as well as the language of the Act, shows that this must have been the meaning of the Legislature. Otherwise there would have been no reason for abolishing the requirement that the notice be delivered, for a delivery by mail would, we apprehend, have been good under the former statute. The Legislature did not deem it wise to exact of officers conducting sales the duty of seeing, at all hazards, that the notices are received, but thought the mails could be properly relied on. As it was intended, however, that defendants should have the benefit of personal notice, to give them further opportunity for protecting their interests to be affected by intended sales, it may be true that the failure to get the notice might furnish the basis for setting aside a sale, although regular, where, as a result of the miscarriage, great and irreparable loss is threatened, and a harsh and unconscionable advantage is being taken; and, if the result of this sale were to be the loss to plaintiff in error of his title to the property for the small sum paid for it, the facts would present a strong appeal for the exercise by the court of its inherent power to control its processes and to prevent undue advantage being taken of them. But the only right acquired by the purchaser at this sale is subject to that of the plaintiff in error to redeem at any time within two years, by paying double the amount of the bid, and this takes away a reason for interfering that might otherwise be sufficient. (Batts' Rev. Stats., art. 5232n.) Under the operation of this law the alleged inadequacy of the price paid loses most of its force. Indeed, in such a sale, the smaller the bid has been the less onerous is the condition on which the property may be redeemed. As the sale was valid, it could not, under any view, be set aside without requiring a refunding of the amount paid out by the purchaser, and the only consequence of refusing that relief will be that plaintiff in error will have to pay double that sum. That advantage the statute, in terms, gives to the purchaser, and nothing appears in this case to justify the court in denying it to him by vacating the sale.

The judgment will therefore be affirmed.

*Affirmed.*