### SOUTH TEXAS LUMBER CO. et al. v. BURLESON et al. (No. 5513.)

(Court of Civil Appeals of Texas. Austin. May 26, 1915.)

1. EXECUTION ⊂⇒222—SALE—NOTICE—SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 3757, requiring written notice of a sale to be given to the defendants in execution, the posting in the United States mail of such notice properly addressed and stamped is sufficient, whether the notice is received or not.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 629–633; Dec. Dig. ⊂⇒222.]

2. EXECUTION ⊂⇒250—SALES—VACATION—INADEQUACY OF PRICE.

Mere inadequacy of price is not sufficient ground for setting aside a sheriff's sale otherwise valid.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 703–707, 789; Dec. Dig. ⊂⇒250.]

3. EXECUTION ⊂⇒275—SALES—EFFECT OF IRREGULARITY.

Where judgment, execution, and sheriff's sale are shown, mere irregularity in issuance or return of execution does not affect the title of the purchaser.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 16, 148, 345, 791–796; Dec. Dig. ⊂⇒275.]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Suit by the South Texas Lumber Company and others against George W. Burleson and others to set aside a sheriff's deed. From a judgment for defendants, plaintiffs appeal. Affirmed.

Boyd & Bell, of Fairfield, for appellants. R. L. Williford, of Fairfield, W. W. Ballew, of Corsicana, and O. M. Wroe, of Fairfield, for appellees.

RICE, J. On the 2d of September, 1913, the South Texas Lumber Company recovered a judgment in the district court of said county against J. M. Nance and J. C. Willingham, for the sum of $1,940, with interest and costs, with foreclosure of a vendor's lien on 48 acres of land out of the Brewer league in said county. On the 13th of October thereafter, it caused an order of sale to issue on said judgment, which was placed in the hands of Geo. W. Burleson, sheriff of said county, with instructions to sell said land, which he thereafter, on the 2d of December, 1913, did at sheriff's sale to T. J. Hall for the sum of $250 cash, executing to him a deed therefor, and this suit is brought by appellant against the sheriff and Hall to set aside said sale and cancel said deed on the ground of inadequacy of price, alleging that no written notice had been given to the owners of said land as required by law; that the sale was made in the forenoon of said day, whereas it was the uniform custom to make such sales in said county in the afternoon; that there was collusion between the sheriff and said purchaser; that said sheriff was notified that the attorney of appellant would be present at the sale, but, owing to the fact that it was an inclement and rainy day, he did not reach the county seat until 1 o'clock p. m. of said day; that if he had been present he would have bid, if necessary, the amount of appellant's judgment; that said land was reasonably worth $1,600; that Nance and Willingham were wholly insolvent, and said land was the only security that appellant had for its debt; that both said sheriff and the purchaser knew that said land was reasonably worth $1,600; that unless said sale is set aside and canceled appellant will lose its debt. Nance and Willingham filed their plea of intervention, setting up practically the same facts alleged by appellant, but specially denying the service of any notice of sale in any manner, and praying that said sale be set aside. Burleson answered by general demurrer and special exceptions, denied specially each allegation of the petition except as to the delivery of the order of sale and deed to Hall, which was admitted, and specially alleged that he mailed notices of such sale, duly stamped, to Nance and Willingham, addressed to their respective post offices, and praying to be discharged with his costs. Hall filed his answer, which consisted of general and special demurrers, denied each allegation of the petition, pleaded estoppel on account of plaintiff's negligence, and prayed that he be quieted in his title to said land. The case was tried before the court without a jury, resulting in a judgment against appellant and interveners and in favor of Burleson and Hall, from which this appeal is prosecuted by appellants, urging that the judgment rendered is contrary to the law and the evidence.

The facts show the regularity of the judgment and order of sale; that proper notice

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was duly published in the Fairfield Recorder, a weekly newspaper, for the time required before the sale, which took place at the courthouse door between the hours of 10 a. m. and 4 p. m.; that Hall was the highest cash bidder, paying $250 for said land, and received a sheriff's deed therefor; that a copy of the notice of sale was duly mailed by the sheriff, properly stamped, to Nance and Willingham. While there was some evidence that land sales had frequently been made in said county in the afternoon of the sales day, yet the sheriff, Burleson himself, and two ex-sheriffs of said county, testified that there was no such uniform custom, and Burleson testified that he had been in the habit of selling at any convenient time during the day, and that on the particular day in question four other land sales were made by him at the same time. It was shown that the sale took place between 11 and 12 o'clock a. m. There was an entire want of evidence showing, or tending to show, any collusion between the sheriff and the purchaser. On the contrary, the land seems to have been sold at a time when some 10 or 12 persons were present, who had an opportunity of bidding therefor. There was evidence showing the value of said land to be from $800 to $1,500. While the sheriff knew that Judge Boyd represented the plaintiffs in execution, and had been told that he expected to attend said sale, yet he had not been requested to wait until his arrival, nor had he promised to do so. While the day was shown to be rainy and inclement, still, another attorney living at Teague, the place where appellants' attorney resided, was present in the forenoon when the other sales took place in which he was interested.

[1-3] It is insisted that defendants in execution did not receive written notice of said sale, as required by article 3757 of Vernon's Sayles' Civ. Stats. It has been held, however, that the posting in the United States mail of the properly addressed and stamped notice is sufficient, whether the notice is received or not. That course having been pursued in this case, the law is complied with. See Rogers v. Moore, 100 Tex. 220, 97 S. W. 685; Id., 94 S. W. 113. Mere inadequacy of price itself is not sufficient grounds for setting aside a sheriff's sale otherwise valid. See Allen v. Pierson, 60 Tex. 604, and cases there cited. Nor is the title of the purchaser under execution affected by mere irregularity in issuance or return of execution. Where judgment, execution, and sheriff's sale are shown, it is immaterial as to such irregularities. See Riddle v. Bush, 27 Tex. 676; Crabtree v. Whitesell, 65 Tex. 113; Cavanaugh v. Peterson, 47 Tex. 205; Pearson v. Flanagan, 52 Tex. 280; Morris v. Hastings, 70 Tex. 28, 7 S. W. 649, 8 Am. St. Rep. 570; Holmes v. Buckner, 67 Tex. 111, 2 S. W. 452; Bank v. Beaumont Land Co., 128 S. W. 436.

After a careful investigation of the entire record, we find no reversible error in the proceedings of the trial court, and therefore its judgment is affirmed.

Affirmed.