## HODGES et al. v. COMMONWEALTH BANK & TRUST CO. et al.

### No. 8686.

Court of Civil Appeals of Texas. San Antonio.

Dec. 2, 1931.

401

Matlock & Kelly, of San Antonio, for appellants.

Henry, Bickett & Bickett, of San Antonio, L. B. Wiseman, of Floresville, and G. O. Brown, of San Antonio, for appellees.

SMITH, J.

The Commonwealth Bank & Trust Company recovered a money judgment for amounts aggregating $43,900 against T. E. Mumme, and for foreclosure of first liens upon certain lands belonging to Mumme in Bexar, Frio, and Atascosa counties. In the same action J. J. Hodges and associates obtained judgment against Mumme for $30,718.42 and foreclosure of a junior lien upon the same lands. In pursuance of said judgment, the lands were sold under execution and conveyed by sheriff's deeds to the Bank & Trust Company for amounts less than the judgment obtained by the latter. Subsequently Hodges and his associates filed motions in the same suit to set aside the sales upon the ground that they were irregularly made at inadequate prices. From an order denying those motions, Hodges and his associates have appealed.

In their first assignment of error, appellants complain of the action of the trial court in overruling their motion to strike out an amended return of the sheriff of Frio county upon the execution under which the land in that county was sold. The original return made by that officer contained a recitation that said land was sold at the "court house door of said Bexar County." Subsequently, the sheriff upon his own motion made an amended return, correcting said error. It is obvious from the text of the original return, and is conceded by the parties to be a fact, that the sale was made at the door of the Frio county courthouse, rather than in Bexar county. It is obvious also that this recitation resulted from a typographical error, the effect of which was neutralized by other and controlling recitations in the original return. The amendment of the return was unnecessary, was immaterial, and could not impair the validity of the sale or of the title passed by such sale, if regularly made in fact. Willis v. Smith, 66 Tex. 31, 17 S. W. 247; Sanger Bros. v. Roberts, 92 Tex. 312, 48 S. W. 1; Griggs v. Montgomery (Tex. Civ. App.) 22 S.W.(2d) 688. Appellant's first assignment of error and the propositions thereunder are overruled.

In the deed by which the several tracts of land involved were conveyed in trust, and in which the lien here foreclosed was reserved, the lands were designated as "tracts," and each tract was described in bulk by metes and bounds. This same method of description was followed in the judgment as well as in the execution, and order of sale. They were sold by the tracts thus designated and described. Appellants placed in evidence a blueprint, on which tract I was divided into separate numbered lots and blocks. The parties made this blueprint the subject of the following agreement upon the trial:

"It is agreed that the blue print attached to the judgment was made at the instance of the parties, J. J. Hodges, et al., after this suit was filed, and was used in the trial of this case without objection.

"It is, further, agreed that the property in Bexar County, as described in the deed of trust by Mumme to Commonwealth Bank & Trust Company, bears a bulk description, and not as described in said blue print, nor by lot numbers, but by continuous metes and bounds, and that likewise the judgment in the case describes the Bexar County property on which liens were foreclosed in favor of the plaintiff bank by continuous metes and bounds, the description being identical with the description contained in the bank's deed of trust."

Appellants complain in their second assignment of error that said tract I was sold in bulk, as one tract, whereas, appellants con-

tend, it should have been sold one lot at a time in accordance with the segregation made in said blueprint. We overrule this contention as presented in said assignment and the propositions thereunder. The parties treated the land as one tract or parcel in all their dealings, and appellants therefore cannot complain because the sale was made on that basis.

In one proposition under their second assignment of error, appellants complain of the insufficiency of the notice given them of the sale under execution. It appears that the individual appellants and one of their two attorneys never received any notice from the sheriff of the time and place of sale of the land in Bexar county, as required in article 3808, R. S. 1925. That sale occurred on August 5. The sheriff's return on the execution showed notice of the sale was published in a newspaper, as required by law, for full twenty days before the sale, and this seems undisputed. The sheriff's return also recites that notices were mailed to each of appellants in person, and their counsel, full twenty days before the sale. These notices were addressed to the individual appellants in care of their counsel, who testified that the postmarks on the several envelopes carrying said notices bore the date July 23, and were delivered to said counsel on July 24, only eleven days before the date of the sale. It is also in evidence that several of the appellants, as well as one of their counsel, were present at the sale. There is no testimony in the record that appellants or their attorney in charge of this litigation had no actual knowledge of the sale prior to the receipt of the notice given them by the sheriff; the only complaint is, apparently, that the notice given by the sheriff was not delivered until within eleven days of the date of the sale. The question presented in appellants' second assignment is, therefore, whether the delay in the delivery of the notice from the sheriff is such irregularity, within itself, as to invalidate the sale. On the day of the sale, but before that event, appellants' counsel protested the sale on that day, and requested and demanded of appellee that the sale be postponed until the ensuing sale day, September 2, but appellee declined, and the sale proceeded. Appellants protested the sale, and demanded postponement, for the stated reason that, if given thirty days more time, they could raise the money with which to pay off appellee's judgment and save appellants' equity in the property. Appellants did not then base their demand upon the specific claim that they had not been given twenty days' notice of the proposed sale, they did not assert or raise the question of lack of statutory notice, nor did they then, nor do they yet, claim that they had no actual knowledge, for twenty days, of the impending sale. They simply demanded that the sale be postponed

to September 2, asserting that by that time they could procure a sale of the property at a price in excess of appellee's judgment.

We are of the opinion that the mere fact, assuming it to be a fact, that the statutory notice was not delivered to appellants or their counsel until within eleven days of the sale, does not invalidate the sale as a matter of law. The policy of the law is to sustain execution sales, which may not be set aside because of mere irregularities occurring in the procedure by which those sales are made. The provision for notice to the debtor is not mandatory. The statute does not provide that such sales shall be void in cases of a failure to give such notice, and it is not believed that it was the intention of the Legislature that such sales should be rendered void as a matter of law by a failure to give the prescribed notice. A contrary intention is manifested by the provision in article 3819, R. S. 1925, that the officer making the sale shall be liable in damages to those who may be injured by his failure to give the prescribed notice. Morris v. Hastings, 70 Tex. 26, 7 S. W. 649, 8 Am. St. Rep. 570; Rogers v. Moore (Tex. Civ. App.) 94 S. W. 113; Id., 100 Tex. 220, 97 S. W. 685; Scott v. McGlothlin (Tex. Civ. App.) 30 S.W.(2d) 511 (writ of error granted).

Appellants urge in their fourth proposition under their second assignment of error that the delay in the delivery of the sheriff's notice to appellants was prejudicial to them, and prevented competition in bids for the land. We are of the opinion that there is no merit in that assignment. The mere delay in serving the official notice of the sale upon appellants could not have injured them, in the absence of a further showing that they did not acquire knowledge of the proposed sale from other sources, within the time prescribed in the statute, or that but for such delay they could and would have been prepared to bid upon the property or procured others to do so. Certainly it cannot be charged that the delay prevented the general public from bidding upon the property, for the general public were apprised of the sale through timely newspaper advertisements thereof. The personal notice to appellants was prescribed for their individual information, and not for the information of the public. The trial court did not err in refusing to set aside the sale upon the request of appellants for the reasons set out in said proposition which must be overruled.

It is contended in appellants' fifth, sixth, and eighth propositions under their second assignment of error that the sale of tract I in Bexar county should have been set aside because of the inadequacy of the price paid therefor. This tract was sold for $5,000, and bought in by appellee Bank & Trust Company. The estimates of witnesses as to the value of this property ranged from $30,000

to $75,000. By implication, the trial judge found from the evidence that the price paid was not so grossly inadequate as to warrant the setting aside of the sale. We cannot say that the trial court abused his discretion in so finding, and the proposition must therefore be overruled. The record shows that the property was incumbered, at the time of the sale, by $5,000 or $6,000 back taxes then due thereon, so that the bid therefor amounted in effect to $10,000 or $11,000. The bank's superior lien upon the property, as fixed by judgment, was to secure a debt of $30,609.77, so that the total incumbrance amounted to $36,000 or $37,000. Appellants' interest in the property consisted of a judgment lien, which was junior to appellee's lien, and therefore appellants could realize nothing out of their equity, unless the property should sell for an amount in excess of appellee's lien, as well as all other incumbrances. Appellants knew of the proposed sale, their counsel as well as some of the individual appellants were present at the sale, and had opportunity to bid in the property. They protested the sale, and demanded postponement thereof, but upon no legal ground; they even offered bids thereon, but their bids were conditional, and accompanied by no tender of cash, and were accordingly rejected by the officer making the sale, as he was required to do under the law. None of the claimed irregularities in the sale was shown to have prevented competitive bidding or contributed to the alleged inadequacy of the price paid for the property. Under this state of facts, we cannot say that the findings of fact of the trial judge, or his conclusions of law thereon, were erroneous, and the propositions mentioned will be overruled. We also overrule appellants' seventh proposition under their second assignment of error, which raises the question of collusion between appellee and Mumme, the judgment debtor. There is no evidence in the record to support the charge of collusion.

Appellants complain in their fifth assignment of error of irregularities in the sale of a part of the property in Bexar county on September 2, 1930. This assignment is overruled upon the same conclusions upon which appellants' second assignment has been overruled. In their fourth assignment, they complain of irregularities occurring in the sale of the land in Frio county on October 7, 1930. The sheriff's return on the execution in that case shows that notice of the sale was published and copies thereof mailed to the individual appellants and their counsel within the time prescribed by the statute, and the trial court found, by implication, that these recitations in the return, and the presumption in favor of the truth of those recitations, were not overcome by evidence adduced at the trial. We cannot say that these findings are not supported by the record, and for that reason, as well as for the reasons set out in our conclusions under the second and third assignments of error, we must overrule the fourth assignment.

Appellants contend, under the latter, that the sheriff's return does not show which tract in Frio county was struck off for $1,000, and which for $500, and that this uncertainty in the return invalidates the sales. We overrule this contention. We think the return, considered as a whole, does clearly show the facts claimed by appellants to be obscured. Besides, all the other proceedings clearly dispel the claimed uncertainty in the return, and, if the latter be subject to the objection here urged, that fact does not impair the validity of the sale.

The judgment is affirmed.