## POLK v. HOLLAND TEXAS HYPOTHEEK BANK et al.

### No. 2464.

Court of Civil Appeals of Texas. Beaumont.

Dec. 5, 1933.

D. E. O'Fiel, of Beaumont, for plaintiff in error.

Sonfield & Sonfield and E. L. Nall, all of Beaumont, for defendants in error.

O'QUINN, Justice.

The plaintiff in error, Jas. V. Polk, filed this suit in the Sixtieth district court of Jefferson county, Tex., December 16, 1932, asking for an injunction to restrain the sheriff of Orange county, the Holland Texas Hypotheek Bank, and E. L. Nall, its attorney, from selling certain lands in Orange county belonging to plaintiff in error, under an execution issued out of said court on a judgment rendered in said court on April 20, 1931, in favor of the said bank against Charles Angelo and others.

A temporary writ of injunction was issued, and the cause was regularly heard on December 22, 1932, when the court sustained a general demurrer and several special exceptions to plaintiff in error's petition. Plaintiff in error refusing to amend, the suit was dismissed by the court. Plaintiff in error filed his petition in error herein, together with his writ of error bond, on March 3, 1933, citation in error was duly issued and served, and the case is before us for review.

The matters leading to the instant suit, as gained from plaintiff in error's petition, were:

(1) On April 20, 1931, in cause No. 36335, styled Holland Texas Hypotheek Bank v. Charles Angelo et al., in the Sixtieth district court of Jefferson county, Tex., Holland Texas Hypotheek Bank (hereinafter referred to as the bank) recovered judgment against Charles Angelo in the sum of $4,023.63, with foreclosure of a lien upon lot No. 12 in block No. 19 of the Jirou addition to the city of Beaumont, Tex. This will hereinafter be referred to as original suit, and Charles Angelo and his wife as original defendants. Notice of appeal was given.

(2) About June 1, 1931, an order of sale was issued by the district clerk in virtue of the above judgment, and there was due advertisement of sale of the above-mentioned property.

(3) The sale was to take place on the first Tuesday in July, 1931, and on that day Charles Angelo, original defendant, presented to the clerk of the district court an appeal supersedeas bond in the sum of $2,750 with plaintiff in error, Polk, and J. W. Angelo as sureties. The bond erroneously recited that a motion for a new trial had been filed and overruled, "and thereby caused the clerk of said court to accept and approve the said bond and to issue a writ of supersedeas in said cause," which writ was served upon W. W. Covington, the sheriff.

(4) After the approval of the bond and issuance and service of the writ of supersedeas, the attorney for the bank demanded that the sale proceed notwithstanding the writ of supersedeas, on the ground that the bond and writ were void because the bond was not filed within the prescribed time, and was not in double the amount of the judgment and costs.

(5) When the attention of the clerk was called to the defects of the bond, the attorney for defendants altered the bond as to the amount so that instead of being in the sum of $2,750, it was in the sum of $8,750.

(6) Upon being advised of the defect and condition of the bond and the time of its filing, the clerk demanded and received from the sheriff the writ of supersedeas which had been issued and served upon the sheriff, and withdrew same, and plaintiff in error was informed and says that he believes that the clerk destroyed said writ.

(7) On the first Tuesday in July, 1931, being the 7th day of said month, the day on which the sale was advertised to take place, sale of the property was made by the sheriff, notwithstanding the supersedeas writ, and the bank became the purchaser, bidding the sum of $4,000.

(8) After the property was sold, on July 10, 1931, Charles Angelo, original defendant, filed a suit in the Fifty-eighth district court of Jefferson county, numbered 37233, entitled Charles Angelo et al. v. Holland Texas Hypotheek Bank et al., seeking an injunction to restrain the sheriff from delivering a deed to the property to the bank in virtue of the above-mentioned sale, and to restrain further execution of the judgment. A temporary injunction was issued by the judge of said court, returnable to the Sixtieth district court wherein the judgment was had. The attorney for the bank, the district clerk, and the sheriff were made parties to the suit. All parties filed answer, copies of which are attached to plaintiff in error's petition in the instant suit. Plaintiff in error was surety on the injunction bond.

(9) Thereafter, on August 10, 1931, in the original suit, No. 36335, the original defendants filed a petition for writ of error appealing the cause to this, the Ninth Court of Civil Appeals, and on said date filed writ of error supersedeas bond with plaintiff in error herein Polk, and J. W. Angelo as sureties, which bond was duly approved and filed by the clerk, and citations in error duly issued and served.

(10) On August 10, 1931, the day on which the petition for writ of error and writ of error supersedeas bond in the original cause, No. 36335, were filed, in the injunction suit filed by the original defendants against the bank, its attorney, the district clerk, and the sheriff, being cause No. 37233, and referred to in paragraph 8 above, the judge of said Sixtieth district court made an order which was duly entered upon the docket and copied into the minutes of said court, and which reads: "August 10, 1931, supersedeas writ of error bond having been filed and approved by the clerk, the sheriff is directed to return the order of sale not executed, and this suit is dismissed."

Thereafter the sheriff in compliance with said order made the following return on the order of sale issued in the original suit, and under which a purported sale had been made after the issuance and service of the writ of supersedeas: "Came to hand on the 1st day of July, A. D. 1931, advertised for sale to be sold on the first Tuesday of July, A. D. 1931, it being the 7th day of said month, case was appealed and Judge Campbell of the 60th District Court ordered this writ returned not executed on payment of sheriff's costs only. Itemized statement appears below," signed by sheriff by deputy.

(11) Thereafter the original defendants having failed to file a transcript and statement of facts in this court on their appeal by writ of error, the bank, the defendant in error therein and also defendant in error herein, filed transcript and made motion for affirmance of the judgment on certificate, which motion was granted by the court and the judgment affirmed on November 10, 1931.

(12) Upon affirmance of the judgment in the original suit on certificate, and return of mandate, the bank caused an alias order of sale to issue against the property first levied upon, and after due advertisement the property was sold on the first Tuesday in January, 1932, to the defendant in error on its bid of $2,500, and thereafter an execution was issued and levied upon property of plaintiff in error herein, surety on the writ of error supersedeas bond, and the property advertised for sale. Thereupon plaintiff in error, Polk, filed this suit to restrain the sale of said property under execution. A temporary injunction was issued, which is sought to be made permanent.

Plaintiff in error's petition is quite lengthy, nineteen pages in the transcript, so we will not set same out, but merely briefly state the

grounds, in effect, upon which the injunction is sought, as shown by the petition. They are:

(a) That the sheriff's return on the original order of sale was erroneous in that it failed to state that the sale was actually made under that order of sale on the first Tuesday in July, 1931, and the property bought by the bank on its bid of $4,000; that said sale was in all things valid because the supersedeas bond was void and did not authorize the issuance of the writ of supersedeas, and the approval of said bond and the writ of supersedeas having been withdrawn by the clerk.

(b) That plaintiff in error was advised that the sheriff was ready and willing to execute and deliver a deed to defendant in error, the bank, and to credit his return with the sum of $4,000, the amount bid by the bank, less the costs of sale; and that plaintiff in error was ready and willing to pay the balance of the judgment.

(c) That plaintiff in error was not liable on the supersedeas bond in the original suit, because it was signed by him on the condition that the principal, Charles Angelo, would make certain assignments and conveyances of land and interest in oil and minerals as security, and the bond was delivered by plaintiff in error to the attorney for Angelo to be filed only in the event of compliance with the stated conditions, which conditions were never complied with, and the bond was filed and approved without the knowledge or consent of plaintiff in error.

(d) That if plaintiff in error is liable on the bond, his liability should be limited to the balance due on the judgment after crediting same with $4,000, that being the sum bid by defendant in error, the bank, at the sale of the property on July 7, 1931; and that had execution for the amount of such balance been presented to plaintiff in error he would have paid same.

(e) That the sale of lot 12, block 19, in said Jirou addition, the property of said Charles Angelo, under alias order of sale on the first Tuesday in January, 1932, was made without notice to plaintiff in error, Polk, who is informed said sale was made without notice to his cosurety, J. W. Angelo, and that plaintiff in error was entitled to such notice to enable him to protect his interest in the matter.

(f) That after the return of the mandate of the Court of Civil Appeals to the district court in the original suit, and before making levy on lot 12, block 19, of the Jirou addition, under alias order of sale, defendant in error, the bank, failed to present same to plaintiff in error or to his cosurety, or to the original defendant, principals in the bond, and "make a demand upon them, or either of them, and especially upon this plaintiff, for the payment of the amounts due thereon before making the said levy on said land." That had such demand been made, plaintiff in error would have caused same to be satisfied without the necessity of a levy.

(g) That defendant in error, the bank, caused the execution to be issued to Orange county to be levied upon his property without first presenting same to him and demanding payment; and that had such demand been made of him, he would have taken steps to and would have caused the same to have been satisfied.

As before stated, the court sustained defendant in error's general demurrer and several special exceptions to plaintiff in error's petition for injunction, and plaintiff in error refusing to amend, the suit was dismissed.

■ Plaintiff in error's contention that the court erred in sustaining the general demurrer, because the supersedeas appeal bond, which was in the sum of $2,750, and was filed and approved on July 7, 1931, the day the property was advertised to be sold, was void and the writ of supersedeas issued thereon was a nullity, and the sale later made on same day and the property bid in by defendant in error, the bank, on its bid of $4,000, was a valid sale, is overruled.

Plaintiff in error insists that the appeal supersedeas bond was void because it was filed too late, and was approved by the clerk on the erroneous statement in the bond that a motion for a new trial had been made and overruled, which appeared to make the filing of the bond within the prescribed time; that the bond was not in double the amount of the judgment; that the bond being void gave no jurisdiction to the Court of Civil Appeals, and the writ of supersedeas issued thereon was a nullity; that the clerk upon being advised of the actual facts withdrew his approval of the bond and recalled the writ of supersedeas which had been served on the sheriff; that the sale made after such withdrawal and recall was therefore valid, and the judgment should be credited with the amount of the bank's bid, $4,000, less costs of sale, instead of being credited with the amount of the bank's bid on the second sale, to wit, the sum of $2,500.

Article 2270, R. S. 1925, provides: "An appellant or plaintiff in error, desiring to suspend the execution of the judgment may do so by giving a good and sufficient bond to be approved by the clerk."

Article 2275, provides: "Upon the filing of a proper supersedeas bond, the appeal or writ of error shall be held to be perfected, and the execution of the judgment shall be stayed, and should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."

■ If the supersedeas bond was filed too late, or for any other reason, was insufficient

to give the Court of Civil Appeals jurisdiction to determine the appeal, still the jurisdiction of the Court of Civil Appeals attached eo instanti upon the filing and approval of such bond, to determine the sufficiency of the bond to confer upon it jurisdiction to hear and determine the appeal. In other words, "an appellate court has the power to determine its own jurisdiction." Not only has the Court of Civil Appeals this power, but it is exclusive, subject only to revision by the Supreme Court. 3 Tex. Jur. 81.

It has been definitely held that the district court has not the power, by order or decree, to order its clerk to withdraw his approval of a bond. If the district court itself cannot do this, how much less can the clerk of said court? Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21. See Dillard v. Wilson (Tex. Civ. App.) 137 S. W. 152; Wagner v. Garrett, 114 Tex. 362, 269 S. W. 1030; Reeves v. Roseborough, 114 Tex. 344, 267 S. W. 973.

A party aggrieved by a defective appeal bond or a bond not filed within the time prescribed by law, has his remedy, not, however, through action of the district clerk, or the district court, or by a disregard of the sheriff of a writ issued in virtue of such bond, but by motion of the aggrieved party in the Court of Civil Appeals to dismiss the appeal. Our jurisdiction of the appeal attached on the approval by the district clerk of the appeal supersedeas bond, and was not in any sense dependent upon its sufficiency, either as to form or substance; for, if defective in either or both respects, the statute furnishes ample provision for curing, by amendment, such defects. Article 1840, R. S. 1925 (as amended by Acts 1931, c. 187, § 1 [Vernon's Ann. Civ. St. art. 1840]); McConnell v. Libecap (Tex. Civ. App.) 38 S.W.(2d) 408, 410; Herd v. Home National Bank (Tex. Civ. App.) 283 S. W. 1112.

In McConnell v. Libecap, supra, an order of sale issued on a judgment. Prior to the actual sale but on the day for the sale, one of the parties to the suit filed a supersedeas writ of error bond. A writ of supersedeas issued and the constable desisted from making the sale. Subsequently a new order of sale was issued and another party to the judgment filed writ of error supersedeas bond which was approved and writ of supersedeas issued and served on the constable. Instead of obeying the writ, the officer, at the instance of the attorney for the party causing the issuance of the order of sale, proceeded with the sale. As in the instant case, the attorney insisted that the bond filed was not in compliance with the statute, and therefore did not supersede the execution of the judgment, and that the constable had the right to disregard the writ and to sell the property. After the sale, the party who had exe-

cuted the supersedeas bond filed an original application in the Court of Civil Appeals against the judgment creditors and their attorney, and against the constable and his deputies, praying that the court restore the status quo and that respondents be enjoined from further attempts to execute the judgment pending the appeal, and that they be punished for contempt. In passing upon the question, the court said: "Our jurisdiction of the appeal attached on the approval by the district clerk of the bond, and is not in any sense dependent upon its sufficiency, either as to form or substance; for, if defective in either or both respects, the statute furnishes ample provision for curing, by amendment, any such defects. [Citing authorities.] We are of opinion, therefore, that the bond given by relator was sufficient to stay the execution of the judgment, that it superseded and rendered functus officio the order of sale, and, as it was the plain duty of the constable to immediately return the process unexecuted, the sale of properties made thereafter was without legal authority and void."

In the cited case the writ of supersedeas was served upon the constable. In the instant case, the writ was served upon the sheriff. The court held in the cited case that the constable should immediately, after service of the writ upon him, have returned the process unexecuted. So, in the instant case it was the duty and the sheriff should, after the service of the writ upon him, have returned the process unexecuted, and the sale of the property made after service of the writ was without legal authority and void.

As shown supra, after the property was sold, notwithstanding the appeal supersedeas bond and writ, Charles Angelo, original defendant, filed suit for injunction to restrain the sheriff from delivering a deed to the property to the bank in virtue of the sale, and a temporary injunction was issued. In said injunction suit, it was contended by the plaintiffs, Angelo and his wife, that the supersedeas bond and writ of supersedeas were valid; that having approved and filed the bond and issued the writ, the clerk was without authority to withdraw or recall same, and the sale, therefore, was unauthorized and void. On the other hand, the defendant in error, the bank, and its attorney contended that the bond and writ of supersedeas issued in virtue thereof, were void; that the bond having been filed too late, the same and the writ of supersedeas issued because of same, were void, and the clerk could withdraw his approval of the bond and recall the writ; and that thereupon the sheriff was duly authorized to make sale of the property as advertised, and the sale so made was valid.

After the issuance of the temporary injunction, Charles Angelo and wife, defendants in the original suit, filed petition for

writ of error in the original suit, together with a writ of error supersedeas bond with plaintiff in error herein as one of the parties, which petition was filed and the bond approved within the prescribed time, which unquestionably gave jurisdiction to this court to hear and determine the appeal of the original suit on its merits. The judge of the district court, in which the injunction proceedings were pending, upon being advised of the writ of error appeal, entered an order directing the sheriff to return the order of sale not executed, and dismissing the injunction suit. This was in effect an adjudication of the sale as invalid, and gave the defendants all the relief sought by injunction.

■ The reason for the injunction having ceased, the suit was properly dismissed. 32 C. J. 405; Ross v. Veltmann (Tex. Civ. App.) 161 S. W. 1073; McConnell v. Libecap (Tex. Civ. App.) 38 S.W.(2d) 409.

The contention of plaintiff in error that the levy of the execution upon his property is invalid because he was not given notice of the levy of the alias order of sale on the property of the original defendant (Charles Angelo), and the sale of said property thereunder, is not sound.

■ We fail to find any assignment of error in plaintiff in error's brief setting up this matter, nor do we find any proposition urging same, hence under the statute and rules it should not be considered. We do find in plaintiff in error's brief in the discussion of his first six propositions, neither of which point to this matter, a reference to the fact that plaintiff in error in his petition for injunction herein had pleaded that no notice had been given him of the foreclosure sale of the Angelo lot, and that, if demand had been made of him to pay the judgment, he "would have caused the same to have been paid"; and that, if he had had notice of such sale, he would have been present "at the sale and bid sufficient amount on the property foreclosed on to have satisfied the total amount of the judgment due" the bank. The propositions under which this discussion occurs all relate to the validity of the sale made after the filing of an appeal supersedeas bond and the service of supersedeas writ, fully discussed above.

■ However, the provision in article 3808, R. S. 1925, that "the officer making the levy shall give the defendant or his attorney written notice of such sale," is not mandatory. The statute does not provide that such sale shall be void in cases of failure to give the prescribed notice. We think a contrary intention is manifested by the provision in article 3819, that the officer making the sale shall be liable in damages to those who may be injured by his failure to give the required notice. Hodges v. Commonwealth Bank & Trust Co. (Tex. Civ. App.) 44 S.W.(2d) 400; Holt v. Holt (Tex. Civ. App.) 59 S.W.(2d) 324 (writ refused).

■ The contention that after the return of the mandate of the Court of Civil Appeals, and before making levy under alias order of sale on the property of the original defendant, no demand was made on the original defendant or on plaintiff in error as surety on his bond for payment of the judgment, nor was such demand for payment made prior to the issuance and levy of execution on the property of plaintiff in error, which it is insisted was necessary to a levy, is overruled. The law does not require that a demand for payment be made prior to the issuance of an execution or an order of sale. No such demand is necessary.

Plaintiff in error's petition not stating facts that would entitle him to an injunction, the general demurrer was properly sustained, and, as plaintiff in error refused to amend, the suit for injunction was properly dismissed. The judgment is affirmed.