## JACKSON et al. v. O'CONNOR.

### No. 3414.

Court of Civil Appeals of Texas. El Paso.

Sept. 10, 1936.

Clark & Rice, of Dallas, for plaintiff in error.

W. J. Rutledge, Jr., of Dallas, for defendant in error.

PELPHREY, Chief Justice.

During the year 1934 defendant in error secured a judgment in cause No. 99533–A against James Jackson, Sr., and on August 15, 1934, an order was issued to sell lot 2 in block B of Fairland Annex addition to the city of Dallas, Tex.

Publication of the notice was made in the Daily Commercial Recorder and notice mailed to James Jackson and his wife, Leda Jackson, at 1103 Cordova street, Dallas, Tex., on the 17th day of August, 1934. Sale was made on October 2, 1934, to defendant in error for the sum of $1,000. Return of the sale was made by the sheriff on January 18, 1935.

On May 10, 1935, Mrs. Leda Jackson, individually and as administratrix of the estate of James Jackson, Sr. (he having died on January 4, 1935), filed this motion to set aside the aforesaid sale on the ground that she and her husband had not had the notice of such sale contemplated by article 3808, R.S., and that the property was purchased by defendant in error at a grossly inadequate price.

The Jacksons, it appears, had lived at 1103 Cordova street, but moved from there on the 15th day of September, 1933, and at all times pertinent to this inquiry actually resided on Tremont street in the city of Dallas; that the city directory for Dallas for 1933–1934, being the latest one issued in August, 1934, showed the residence of the Jacksons to be at the Cordova street address; that two telephone directories issued by the Southwestern Bell Telephone Company, one in December, 1933, and one in August, 1934, showed James Jackson to reside on Tremont street; that the notice mailed to James and Leda Jackson had the return of the sheriff on the outside of the envelope; and that it was not returned.

On May 31, 1935, the motion was by the trial court overruled, and the case has been brought here by writ of error.

### Opinion.

■ In order for plaintiffs in error to make a case for relief, they must show an irregularity calculated to affect/the sale and gross inadequacy of price. 26 Tex.Jur. p. 550.

From the overruling of the motion by the trial court and from his statement in the order overruling the motion to set aside that the sale was duly and regularly made, it clearly appears that the court concluded either that addressing the notice to the last address shown by the city directory was a full and complete compliance with the statute as to notice or that the irregularity was not of such a nature as was calculated to affect the sale.

The statute requires that the officer making the levy shall give the defendant or his attorney written notice of the sale, either in person or by mail, and in carrying out that injunction the Legislature never intended that the officer should use other than ordinary diligence. That the use of reasonable diligence on the officer's part will suffice is borne out by the holding of the Supreme Court in Rogers v. Moore, 100 Tex. 220, 97 S.W. 685.

In that case a notice addressed to "J. A. Rogers, City," was held sufficient, notwithstanding the fact that another J. A. Rogers lived in Fort Worth.

The evidence raised an issue of fact as to whether the notice was actually received. The notices were mailed out with the sheriff's return on the outside of the envelope to an address where the Jacksons had lived less than one year previously, and were not returned.

The facts would warrant a conclusion that the notice was in fact received by some one at the new Jackson address, and that the mailing of it to the prior address, if an irregularity, was not calculated to affect the sale.

The judgment of the trial court is affirmed.