## SHARBER v. FLORENCE.

### No. 5072.

Court of Civil Appeals of Texas. Texarkana.

June 30, 1937.

Rehearing Denied Sept. 2, 1937.

Carney & Carney, of Atlanta, for plaintiff in error.

Ben A. Harper, of Houston, for defendant in error.

HALL, Justice.

The parties to this appeal occupy the same position as in the trial court and will be designated here as plaintiff and defendant, respectively.

Plaintiff, J. H. Sharber, brought this suit in the district court of Cass county to cancel a deed from the sheriff of Cass county to defendant Florence for the following reasons:

"(a) Because the sale of said real estate was not advertised in a newspaper in Cass County, Texas, for four weeks next preceding the day of sale as provided by law.

"(b) Because the plaintiff had no notice, actual or constructive, from the sheriff or from the defendant, that the land above described had been sold on the Tuesday it was sold.

"(c) Because no notice of sale was issued or posted for the Tuesday on which said land was sold.

"(d) Because the order of sale issued by the Clerk of the District Court, if any was issued, demanding the sheriff to sell the land on the first Tuesday in one month and the same was not sold on that Tuesday but was sold on the first Tuesday in the next month during the year 1934.

"(e) Because there was no consideration paid for the sale of the said land and no writ of possession was given by the sheriff to the purchaser of said land, and that plaintiff is now in the possession of said land and has been since he purchased same in 1925.

"Plaintiff alleges that had he had notice that said land was going to be sold when it was, he would have been present at the sale or had someone present at the sale to represent him, as the land is well worth the sum of $1500.00, and a consideration of that amount should have been paid for the land, and plaintiff or his agent would have bid that much on said land, or tendered the

amount that defendant was claiming that plaintiff owed defendant to the defendant and stop the sale of said land, had he known it was going to be sold."

The record reveals that in October, 1933, in case No. 10297, pending in the district court of Cass county, defendant recovered a judgment against plaintiff for the sum of $292.82, together with foreclosure of a vendor's lien on the land described in the sheriff's deed sought to be set aside. An order of sale was issued out of the district court on January 8, 1934, and was executed by the sheriff of Cass county on the first Tuesday of March, 1934, by selling the land covered by the vendor's lien to defendant and executing to him a deed therefor. It is this deed which is sought to be set aside.

Defendant answered first by plea in abatement, general demurrer, and numerous special exceptions, general denial, and specially to the effect that notice of the sale of said property was advertised in a newspaper in Cass county, Tex., in the manner and for the length of time required by law for the first Tuesday in February, 1934, and was postponed until the first Tuesday in March, 1934, in obedience to the terms and provisions of an act of the Legislature which became effective the day before the February sale date.

Trial was to a jury. At the conclusion of plaintiff's testimony, defendant made motion for peremptory instruction which was granted, and verdict was rendered for defendant. Accordingly judgment was entered for defendant, and plaintiff has appealed to this court.

Plaintiff asserts as his proposition of law controlling this case the following: "This being a suit directly to set aside the sale of real estate it was only necessary for plaintiff to show that he had no notice of the time and place of sale of said real estate, as required by article 3808, Texas Revised Statutes, and the plaintiff having testified that he had no notice of said sale, he was entitled to have the question submitted to the jury and passed upon by the jury, as to whether or not plaintiff had been given notice as required by article 3808, as to the time and place of sale and whether or not said notice had been published as required by article 3808, and a motion for an instructed verdict should not have been sustained, and the court should have instructed a verdict for the plaintiff upon the testimony introduced."

The first question presented by this proposition then, was the evidence offered by plaintiff sufficient to raise an issue of fact as to whether the sheriff before the sale of the property in controversy mailed to plaintiff a notice of said sale? The only evidence offered by plaintiff on this issue was the statement by him that he did not receive such notice from the sheriff. That part of R.S. art. 3808, applicable here is: "The officer making the levy shall give the defendant or his attorney written notice of such sale either in person or by mail." The deed executed by the sheriff contains the recitation: "And by giving written notice to J. H. Sharber by mailing to him said notice of such sale, as required by law." R.S. art. 3808, gives to the officer making the sale two methods of serving written notice on the defendant: (1) By delivering to him in person a written notice of such sale; and (2) by mailing to him written notice of the sale. In the case at bar the deed reflects that the sheriff resorted to the second method of giving notice. We do not think it incumbent on the sheriff to follow up his mailed notice of sale and see that it is delivered. If this were necessary, the provision of the statute with respect to mailing notice would be nullified and the officer would be forced to give personal notice in all instances. In our opinion, this was not the intention of the Legislature in enacting R.S. art. 3808. Rogers v. Moore, 100 Tex. 220, 97 S.W. 685.

Moreover, it is the policy of the law to sustain sales of this character and that they may not be set aside on account of mere irregularities of procedure in making them. Jackson v. O'Connor (Tex.Civ. App.) 96 S.W.(2d) 803. We hold, then, that under these circumstances the sheriff's deed showing on its face that notice was mailed to defendant in accordance with law conclusively established said fact and the testimony of the defendant that he did not receive said notice does not present an issue of fact to be determined by the jury. House v. Humble Oil & Refining Co. (Tex.Civ. App.) 97 S.W.(2d) 314, writ refused.

The provision of article 3808 respecting notice of sale to be given to defendant is not mandatory and no provision is contained therein declaring such sale void for failure to give notice thereof to defendant. It would seem, as said in Hodges v. Com. Bank & Trust Co. (Tex.Civ.App.) 44 S.W.(2d) 400, 402, that "A contrary in-

tention is manifested by the provision in art. 3819, R.S.1925, that the officer making the sale shall be liable in damages to those who may be injured by his failure to give the prescribed notice." To the same effect is Polk v. Holland Texas Hypotheek Bank (Tex.Civ.App.) 66 S.W.(2d) 1112. So, if the question of notice had been submitted to the jury and they had found that the officer making the sale had failed to mail written notice of same to the defendant, still the trial court would not have been justified in setting aside the sale and canceling the sheriff's deed for the very good reason that plaintiff had a right of action in damages, under R.S. art. 3819, against the sheriff and his bondsmen. Especially is this true in the absence of a showing by plaintiff that the sale price of said land was grossly inadequate. Jackson v. O'Connor, supra.

█ It is undisputed that notice of sale of the land in controversy was published in a newspaper in Cass county for the length of time and in the manner provided by law for the first Tuesday of February, 1934, same being the 6th day of February. On February 5, 1934, a moratorium act of the Legislature known as H.B. No. 4, Acts 1934, Second Called Session, c. 2 (Vernon's Ann.Civ.St. art. 2218b note), became effective which postponed all sales of this character set to take place on February 6, 1934, until the first Tuesday in March, 1934. The sale of this land took place on the first Tuesday in March, 1934, and at a time when this moratorium statute was in full force and effect. It is manifest that this statute was enacted for the benefit of plaintiff and those similarly situated and not for the benefit of creditors. It had for its purpose as expressed in the caption the extension of time to debtors whom the depression had rendered unable to meet their obligations in accordance with their contracts. The defendant abided by this mandate of the Legislature. We do not think he should be punished for this, but rather he should be commended. Certainly the acts of the defendant and the sheriff in obeying the mandate of the Legislature which was in full force and effect at the time of the sale should not jeopardize defendant's rights. Sessums v. Botts, 34 Tex. 335.

Furthermore, it is thought that the portion of the act referred to above relating to notice was well within the constitutional power of the Legislature to enact. It af-

fected a matter of procedure only, and it has been held by the courts of this state consistently that the Legislature has the full power to prescribe the procedure to be employed affecting matters of this character. It is also a well-recognized principle of law that, where a portion of a statute is held unconstitutional and other parts are not so inhibited, the parts which are not repugnant to the Constitution, if complete and capable of being executed "in accordance with the Legislative intent," then such parts remaining should be held valid. Memphis Cotton Oil Co. v. Tolbert (Tex.Civ.App.) 171 S.W. 309, and cases there cited. Measured by these rules, we think the provision of the statute above mentioned respecting notice is valid and should be given full force and effect. This being true, then it follows that the published notice of the sale of this property to be held on February 6, 1934, was legally sufficient to authorize the sale of the same by the sheriff on the first Tuesday in March, 1934.

Entertaining the views expressed above, it is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

### On Motion for Rehearing.

█ Appellant in his motion for rehearing makes the contention that we were in error in considering the recitation in the sheriff's deed to appellee with respect to notice being mailed to appellant for the reason that "in the trial of the case the sheriff's deed was introduced by the plaintiff (appellant) for the sole limited purpose of showing that the sale of the land was advertised for the first Tuesday in February and not for the first Tuesday in March." The statement of facts reveals that when appellant offered the sheriff's deed in evidence he made this statement: "The plaintiff (appellant) also offers in evidence the sheriff's deed, just to show the sale was made." This offer, in our opinion, was sufficient to justify a consideration by us of the recitation in said deed regarding the mailing of notice by the sheriff to appellant. Appellant did introduce in evidence as Exhibit No. 1 a clipping from The New Era, a newspaper published in Cass county, which showed that the sale was advertised for the first Tuesday in February.

The motion for rehearing is respectfully overruled.