January 16, 1939

Honorable Charles T. Banister
Criminal District Attorney
Corsicana, Texas

Dear Mr. Banister:

Opinion No. 0-68
Re: Suit by State to set aside
tax sale.

Your letter of January 10, 1939, in regard to the State
setting aside a tax sale because of a grossly inadequate price,
was duly received by this office.

We interpret your question to be whether or not the
district or county attorney can maintain a suit or set aside
a tax sale of real estate because the sale price was grossly
inadequate, it being less than the taxes due in this case.

We understand that the sale in question was made under
the proceeding prescribed in Article 7328 of the Revised Civil
Statutes of Texas, in view of the fact that you say "that the
sheriff had a right to refuse to accept the bid."

The only reference to this question in any of the stat-
utes is in Article 7328 where it says:

"....the acceptance by the sheriff of the bid
shall be conclusive and binding on the question
of the sufficiency of the bid, and no action
shall be sustained in any court of this State
to set aside said sale on grounds of the in-
sufficiency of the amount bid and accepted.
Nothing herein shall be construed as prohibit-
ing the State, acting through the county attorney
of the county wherein the land lies, or its At-
torney General, from instituting an action to
set aside the said sale on the grounds of fraud
or collusion between the officer making the sale
and the purchaser...."

We feel that this provision conclusively prohibits the bringing of a suit by the district or county attorney to set aside a tax sale on the grounds of inadequacy of price alone. But, this would have been the law if this provision had not been put in the statute. There are no Texas cases, as far as we can find, that hold that the State can bring a suit to set aside a tax sale under any circumstances. The only Texas cases in which tax sales have been annulled have been suits brought by individual persons with an interest in the land. Cooley on Taxation indicates that a person with an interest can bring such a suit but that the State cannot maintain this kind of suit. 4 Cooley on Taxation, 4 ed., 2949, says:

> "Actions relating to tax-titles may be brought either by the tax purchaser or his assigns or representative, or by the owner of the property sold for taxes or his assigns or representative. The former are to recover possession in aid of the tax-title or to confirm or quiet the tax-title. The latter are an attach on the tax-title...."

In Article 7328, quoted above, it is provided that a suit may be brought by the State to set aside the sale "on the ground of fraud or collusion between the officer making the sale and the purchaser...." If you could bring your suit under this provision and allege and prove fraud or collusion between the officer and the purchaser, you then could probably prove as evidence of the fraud and collusion the fact of inadequacy of price. We make this statement because the Texas cases in which individuals with an interest in the land have brought suits to set aside tax sales hold that inadequacy of price alone will not set aside a tax sale, but that inadequacy of price will be considered along with other irregularities. Rogers v. Moore, 100 Tex. 220, 97 S. W. 685; Ross v. Drouilhet, 80 S. W. 241; Crosby v. Bonnowsky (Ct. Civ. App.) 69 S. W. 212; Crosby v. Bonnowsky (Sup. Ct.), 95 Tex. 449, 68 S. W. 47, and 40 Tex. Jur. 263.

Our answer to your question is that the district or county attorney cannot maintain a suit to set aside a tax sale of real estate on the grounds of gross inadequacy of sale price alone; but we do hold that in a suit by the State to set aside a tax sale "on the ground of fraud or collusion between the officer making the sale and the purchaser", it would be proper to show inadequacy of sale price as evidence of the fraud

Honorable Charles T. Banister, January 16, 1939, Page 3

or collusion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Rotsch
Assistant

CCR:N

APPROVED:

ATTORNEY GENERAL OF TEXAS