TEXAS EMPLOYMENT COMMISSION
and Deborah Kay Wilson, Appellants,

v.

Robert M. CADY, Appellee.

No. 19447.

Court of Civil Appeals of Texas,
Dallas.

March 8, 1978.

Gayle Johnson Cipriano, Asst. Atty. Gen.,
Austin, for appellants.

Robert M. Cady, pro se.

ROBERTSON, Justice.

Robert M. Cady sued to set aside an order of the Texas Employment Commission which provided that any benefits paid to Deborah Kay Wilson, Cady's former employee, would be charged back to Cady's tax account for use in computing his tax rate. The order was based on Cady's failure to file a protest to the claim within the ten day notice period provided by Article 5221b–4(b) of the Texas Revised Civil Statutes. Although the constitutionality of the notice provision was not raised by the pleadings, the trial court nevertheless concluded that the notice provision violated Cady's constitutional guarantee of due process of law by failing to afford fair notice of his former employee's claim for unemployment compensation before foreclosing his right to present arguments against the claim. The trial court then remanded the claim to the Texas Employment Commission for reconsideration. The Commission and Wilson now appeal. We reverse and render.

Article 5221b–4(b) of the Texas Revised Civil Statutes provides, in applicable part:

An unemployed individual who has no current benefit year may file an initial claim in accordance with rules or regulations prescribed by the Commission. The

Commission shall mail a notice of the filing of such initial claim to the individual or organization for which the claimant last worked prior to the effective date of the initial claim . . . If the individual or organization to which such notice is mailed has knowledge of any facts that may adversely affect such claimant's rights to benefits, or that may affect a charge to its account, it shall notify the Commission of such facts promptly. *If such individual or organization does not mail or deliver such notification to the Commission within ten (10) days from the date notice of a claim was mailed to it by the Commission, such individual or organization shall be deemed to have waived all rights in connection with such claim* . .
[Emphasis added]

Since Cady admitted receiving the notice, but offered no evidence regarding the date of its receipt, our sole question is whether the ten day notice provided by this statute is insufficient, as a matter of law, to satisfy the requirements of constitutional due process.

In order for notice to be effective, it must afford the recipient a reasonable opportunity to defendant the asserted claim. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Roller v. Holly*, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520 (1900); *Sgitcovich v. Sgitcovich*, 150 Tex. 398, 241 S.W.2d 142 (1952), *cert. denied*, 342 U.S. 903, 72 S.Ct. 291, 96 L.Ed. 676 (1952). Although the legislature's authority to prescribe the length of notice is not absolute, "only in a clear case will a notice authorized by the legislature be set aside as wholly ineffectual on account of the shortness of the time." *Bellingham Bay & British Columbia R.R. Co. v. City of New Whatcom*, 172 U.S. 314, 318, 19 S.Ct. 205, 206, 43 L.Ed. 460 (1898). Under these authorities, we cannot say that, as a matter of law, ten days from the date of mailing the notice is a constitutionally insufficient period of time within which to require a response regarding an employee's claim for unemployment benefits. One who claims unemployment benefits naturally desires a prompt decision on the merits of the claim, and an abbreviated notice period serves to speed the administration process so that, if the claim is proper, relief may be granted quickly and efficiently.

Although Cady urges us to judicially notice the "continuing breakdown in United States Mail deliveries," and in so doing, to hold that this problem has rendered ten day notice from the date of mailing constitutionally insufficient, we do not believe that the current postal difficulties justify invalidation of this provision. The case cited by Cady to support this argument, *Smith v. Iowa Employment Security Commission*, 212 N.W.2d 471 (Iowa 1973), does not support his position. That case merely held that when the notice was received too late in the notice period to allow meaningful response, the notice was constitutionally deficient. In this case, however, there is no evidence regarding the date of receipt, and we cannot presume that receipt was excessively delayed. Early in this century, our supreme court upheld the sufficiency of mailed notice, and recognized the reliability of the postal service. *See Rogers v. Moore*, 100 Tex. 220, 97 S.W. 685 (1906). Despite the lamentable demise of overnight delivery, the mails are still sufficiently reliable to allow receipt and response within ten days of an original mailing.

Reversed and rendered.