JOHN J. REEVES v. E. T ROSEBOROUGH, CLERK OF COURT OF CIVIL
APPEALS.

No. 4135.    Decided January 7, 1925.

(267 S. W., 973).

1.—Jurisdiction—Determination of.

An appellate court is the exclusive judge of its own jurisdiction. The
clerk of the Court of Civil Appeals could not determine such question for the
Supreme Court by refusing to forward to it an application for writ of error
filed with him on the ground that it was filed too late, mandate having al-
ready issued.    (P. 345).

Application by Reeves to the Supreme Court for Writ of manda-
mus against Roseborough as clerk of the Court of Civil Appeals for
the Sixth District.

*I. N. Williams, J. F. Wilkinson, Hiram Brown,* and *J. A. Ward,*
for relator, cited: Rodgers v. Alexander, 35 Texas, 117; Dillard v.
Wilson, 137 S. W., 152; 3 C. J., 1101; sec. 1131; Gulf, C & S. F.
R. Co. v. Muse, 109 Texas, 352, 207 S. W., 897.

MR. JUSTICE PIERSON delivered the opinion of the court.

This is an original proceeding by relator, John J. Reeves, to require
respondent the Honorable E. T. Roseborough, Clerk of the Court
of Civil Appeals for the Sixth Supreme Judicial District of Texas,
to forward to this Court relator's application for writ of error in the
case of John J. Reeves v. The State, (258 S. W., 577).

Relator alleges a full compliance with all requirements of law and
the rules of procedure in preparing and filing with respondent Rose-
borough, as clerk of said court, for transmission to this Court, his
said application for writ of error, which was addressed to this Court,
but that respondent Roseborough declines to file and forward same
to this Court for its consideration.

It appears from relator's written argument in support of his
motion for leave to file his petition for mandamus that respondent
the Clerk of the Court of Civil Appeals declined to file the petition
for writ of error upon the ground that mandate had issued under
Art. 6057, R. S., that being the concluding article of Chapter 2,
Title 98, relating to removal from office of county and certain district
officers.    The Article reads:

"When so decided, unless the judgment be for some cause set aside or suspended, the mandate of the court shall issue within five days after the judgment of the court is rendered."

Relator complains that respondent Roseborough has substituted his judgment for that of the Supreme Court as to whether this Court has jurisdiction over the case upon relator's application for writ of error.

It is not at all necessary to discuss the question at length. A court of last resort is the exclusive judge of its own jurisdiction, and necessarily must be. It is generally held that the validity of an appeal and the jurisdiction of the appellate court are to be determined by that Court. 3 C. J., p. 371, Sec. 128, and cases cited; Dillard v. Wilson, 137 S. W., 152. Respondent Roseborough could not determine for this Court its jurisdiction over the case or the effect of the issuance of mandate under Article 6057. However, in this case, upon leave being granted to relator to file his petition for a writ of mandamus, respondent Roseborough filed and forwarded to this Court relator's petition for writ of error. While the petition for mandamus is to be dismissed, we have deemed it advisable to write this short opinion on it.

The petition is dismissed.