# FEBRUARY, 1925.

MRS. MAMIE WAGNER ET AL. v. H. L. GARRETT, CLERK OF THE COURT OF CIVIL APPEALS, ET AL.

No. 4128.   Decided February 18, 1925.

(269 S. W., 1030.)

1.—Supreme Court—Jurisdiction—Mandamus—Clerk of Court.

Though the Clerk of the Court of Civil Appeals can not determine for the Supreme Court the question of its jurisdiction by refusing to file a petition to it for writ of error because, in his opinion, filed too late, and it was his duty to file and forward the same in order for the court to determine that question (Reeves v. Roseborough, 114 Texas, 344) the Supreme Court will not grant mandamus to require him so to do where the lack of its jurisdiction to grant the writ of error appears on the face of the petition for mandamus.   (Pp. 363, 364).

2.—Writ of Error—Time of Applying for.

An application for writ of error made more than thirty days after the overruling of petitioner's motion for rehearing comes too late to confer jurisdiction on the Supreme Court, though the Court of Civil Appeals filed at a later date written opinions supporting and dissenting from the judgment overruling his motion for rehearing, on which no further motion for rehearing was made by him.   (P. 364).

Original application by Mrs. Wagner to the Supreme Court for writ of mandamus against Garrett as Clerk of the Court of Civil Appeals for the First District.

*Louis, Campbell & Nicholson, Thompson, Knight, Baker & Harris, Carden, Starling, Hemphill & Wallace,* and *W. M. Taylor,* for relator.

*Garrison & Watson,* contra.

MR. JUSTICE PIERSON delivered the opinion of the court.

On December 14, 1923, in the case of Texas & New Orleans Railroad Company v. Mrs. Mamie Wagner et al., judgment was entered in the Honorable Court of Civil Appeals for the First Supreme Judicial District, reversing the judgment of the District Court theretofore rendered and remanding the cause for a new trial. Associate Justice Graves filed a dissenting opinion. The motion for rehearing of appellees Mrs. Mamie Wagner et al. was overruled by said Court of Civil Appeals on February 28, 1924, Justice Graves again dissenting.

Thereafter, on March 6, 1924, Chief Justice Pleasants filed an opinion further supporting the majority opinion. On March 13th following, Associate Justice Graves filed another opinion further elaborating his views. Prior to April 5, 1924, appellees had filed no further motion for rehearing based upon the subsequent opinions of Judge Pleasants and Judge Graves.

On April 5, 1924, more than thirty days after the motion for rehearing had been overruled, appellees, relators here, tendered to respondent Honorable H. L. Garrett, Clerk of the said Court of Civil Appeals, an application for writ of error, addressed to The Supreme Court. Respondent Garrett declined and refused to file said application for writ of error, so addressed to this Court, *because in his judgment,* as argued in his answer, this Court has no jurisdiction over same. Relators pray for writ of mandamus to require respondent Garrett to file and forward their said application for writ of error to this Court for its action thereon.

The foregoing is a sufficient statement for the purpose of this opinion.

As a ministerial officer, it is the mandatory duty of the respondent Garrett, as Clerk of the Honorable Court of Civil Appeals for the First Supreme Judicial District, to file and forward to this Court any document tendered to him appertaining to an appeal in any cause pending in that court which is addressed to the Supreme Court. Respondent Garrett could not determine for this Court its jurisdiction over this case, nor pass on the points of legal controversy raised by the contending parties and their attorneys in relation thereto for this Court.

The opinion of this Court in the case of John J. Reeves v. Honorable E. T. Roseborough, Clerk of the Court of Civil Appeals for the Sixth Supreme Judicial District, et al., delivered January 7, 1925, together with this decision, clearly states the views of this Court upon the principles involved and the duties of these ministerial

officers, and should be sufficient in the future to obviate all similar delays, confusion, and unnecessary labor in regard to applications for writs of error or other papers addressed to this court, and to direct these officers to promptly forward to this Court any and all applications, documents, and papers of any character, which are filed for and addressed to this Court.

Upon the facts, as disclosed by relators' petition for mandamus, the application for writ of error would have to be dismissed for want of jurisdiction. Long v. Martin, 112 Texas, 365, 247 S. W., 827, and cases there cited; Vinson v. Carter, 106 Texas, 273; Hennings-meyer v. Bank, 109 Texas, 116. Inasmuch, as under our own adjud-iction the application for writ of error would be dismissed, though relators are entitled to the writ of mandamus to have it sent to this Court, yet for that reacon the writ of mandamus will not issue. Costs are awarded against respondents Garrett and Texas & New Orleans Railroad Company.