

# The Attorney General of Texas

April 18, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave.; Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Romeo Flores
County Attorney for Jim Wells
P. O. Drawer 2080
Alice, Texas 78332

Opinion No. H- 1155

Re: Duty of clerks of court when called upon to file pleadings not certified as having been delivered or mailed to the adverse party or his attorneys.

Dear Mr. Flores:

Your question concerns the amendment to Rule 72 of the Texas Rules of Civil Procedure which became effective January 1, 1978, pursuant to order of the Texas Supreme Court. In pertinent part the amended rule reads:

> Whenever any party files, or asks leave to file any pleading, plea, or motion of any character which is not by law or by these rules required to be served upon the adverse party, he shall at the same time either deliver or mail to the adverse party or his attorney of record a copy of such pleading, plea or motion. <u>The attorney or authorized representative of such attorney, shall certify to the court on the filed pleading in writing over his personal signature, that he has complied with the provisions of this rule</u> . . . .

The emphasized language was added by the recent amendment. You ask if a court clerk may now refuse to accept for filing pleadings that are not certified in accordance with the rule.

Prior to the addition of the certification requirement, the consequence of a failure to obey Rule 72 was spelled out by Rule 73, which has not been changed:

> If any party fails to furnish the adverse party with a copy of any pleading in accordance with the preceding rule, a certified copy may be ordered to be furnished

by the clerk and the costs thereof charged to the party who had failed to comply with the order to furnish the same.

Rule 24, regarding the duty of the clerk, also remains unchanged. It reads:

When a petition is filed with the clerk he shall endorse thereon the file number, the day on which it was filed and the time of filing, and sign his name officially thereto.

Rule 74 states:

The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him. . . .

When the Supreme Court has meant for the clerk of a court to exercise discretion with respect to documents offered for filing, it has plainly said so. See V.T.R.C.P., rules 388, 389, 389a, 480. In our opinion the duty of the clerk of a trial court with respect to filing pleadings, other papers, and exhibits is made ministerial by the rules of civil procedure, not discretionary. See Wagner v. Garrett, 269 S.W. 1030 (Tex. 1925). See also Benge v. Foster, 47 S.W.2d 862 (Tex. Civ. App. — Amarillo 1932, writ ref'd). Though the court itself may apply sanctions such as those permitted by Rules 68 (repleader) and 70 (surprise) for a failure to comply with Rule 72, the amended rules confer no judicial power upon the clerk to apply sanctions.

We believe the clerk must file the papers offered, whether he thinks them properly certified or not; if the clerk believes required certification is inadequate or missing, after filing them he may flag the pleadings or otherwise bring them to the attention of the court. See Attorney General Opinion H-826 (1976).

## S U M M A R Y

A trial court clerk cannot refuse to file pleadings which appear to him inadequately certified pursuant to Rule 72, Texas Rules of Civil Procedure.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst