The STANDARD FIRE INSURANCE
COMPANY, Petitioner,

v.

Christy Jean Wand LaCOKE,
Respondent.

No. B–8203.

Supreme Court of Texas.

July 25, 1979.

Rehearing Denied Sept. 19, 1979.

Bailey, Williams, Westfall, Lee & Fowler, C. Edward Fowler, Jr. and Stephen G. Koerner, Dallas, for petitioner.

Law Offices of Windle Turley, Larry D. Morris and Larry Hayes, Dallas, for respondent.

JOHNSON, Justice.

The question presented for our decision in this case is whether a petition filed one day late should be deemed to be timely filed when the undisputed cause of the delay was the act of a deputy district clerk. After trial to a jury, the trial court rendered judgment on the verdict dismissing Standard Fire Insurance's cause for want of

jurisdiction and granting Christy Jean Wand LaCoke judgment on her suit to mature the award of the Industrial Accident Board. The court of civil appeals, with one member concurring and one dissenting, affirmed. 574 S.W.2d 802. We reverse the judgments of the trial court and the court of civil appeals and remand this cause for a new trial.

The Industrial Accident Board rendered its decision awarding LaCoke approximately $21,000 as compensation for work-related injuries on May 7, 1976. Standard Fire was required by statute to notify the Board of its intention to appeal the award within twenty days from the date thereof. Tex. Rev.Civ.Stat.Ann. art. 8307, § 5.[1] Standard Fire filed notice with the Board on May 14, well within the twenty-day period. The same statute further required that Standard Fire bring suit to set aside the award within twenty days after giving its notice of appeal, making June 3, 1976 the last day on which Standard Fire could file its petition. Standard Fire's original petition was file-marked in the district clerk's office at 7:51 a. m. on June 4, 1976, one day late.

The reasons for the delay are undisputed. All mail for the Dallas County Courthouse complex is routed through a United States post office substation, known as the VIM Room. The VIM Room is located in the Dallas County Records Building, which is one block away from the district clerk's office. The VIM Room post office in 1976 had a policy of making two mail deliveries per day, one at 8:30 a. m. and the other at 11:00 a. m. Standard Fire's petition, which

1. The relevant portions of Section 5 are as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. ". . .

"If any party to such final ruling and decision of the Board, after having given notice as above provided, fails within said twenty (20) days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto; and, if the same is against the Association, it shall at once comply with such final ruling and decision; and failing to do so, the Board shall certify the fact to the Commissioner of Insurance, and such certificate shall be sufficient cause to justify said Commissioner to revoke or forfeit the license or permit of such Association to do business in Texas."

was contained in a properly stamped and addressed envelope, arrived at the VIM room on June 3 after the 8:30 a. m. mail delivery but in time for the 11:00 a. m. second delivery. In the normal course of affairs the VIM Room postman would have delivered the petition to the clerk's office by noon on June 3, and it would have been timely filed.

Unknown to Standard Fire or the district clerk, however, a deputy district clerk had instructed the postman not to deliver the second mail. Instead, the deputy district clerk would go to the VIM Room the following morning, before the regularly scheduled first mail delivery at 8:30 a. m., and pick up the previous day's undelivered mail. This practice had been going on for two years without the knowledge or consent of the district clerk. As a consequence, Standard Fire's petition, which was in the VIM Room on June 3, was delayed one day, until June 4, at which time it was picked up by the deputy district clerk and filed. The district clerk first learned of this practice as a result of the instant case, whereupon he promptly requested the post office to resume making both regularly scheduled deliveries. It is undisputed that the only reason the post office ceased delivering the second mail was because of the deputy district clerk's request that it do so. In the words of the postman himself:

> "Two deliveries a day are available, and I normally do make two deliveries daily to the county offices, except for those who do not want a second delivery. The only reason that I do not deliver mail twice a day to the District Clerk's office is that they [*i. e.*, the deputy district clerk] do not want this service."

■ The rule is firmly established that the twenty-day period for filing a petition is mandatory and jurisdictional. Failure to file within the statutory period leaves the court without jurisdiction over the case. *Clawson v. Texas Employers Insurance Ass'n*, 475 S.W.2d 735, 737–38 (Tex.1972); *Richards v. Consolidated Underwriters*, 411 S.W.2d 436 (Tex.Civ.App.-Beaumont 1967, writ ref'd); *Oilmen's Reciprocal Ass'n v.*

*Franklin*, 116 Tex. 59, 286 S.W. 195 (1926); *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084 (1926). This court has only recently had occasion to reconsider the strictness of the twenty-day period as it relates to giving notice of intention to appeal to the Industrial Accident Board. *Ward v. Charter Oak Fire Insurance Co.*, 579 S.W.2d 909 (Tex. 1979). *Ward* relaxed the strictness of the rule by applying a notice provision similar to that found in Rule 5 of the Texas Rules of Civil Procedure. There is no need to adopt the *Ward* approach in the case at bar. The question in this case, as we see it, is simply whether or not Standard Fire's petition was timely filed.

■ A civil suit in the district or county court is commenced by a petition filed in the office of the clerk. Tex.R.Civ.P. 22. The Rules of Civil Procedure provide that "the filing of pleadings . . . shall be made by filing them with the clerk of the court," with an exception not here relevant. Tex.R.Civ.P. 74. The rule is traditionally stated to be that an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing. *Turner v. State*, 41 Tex. 549 (1874); *Holman v. Chevaillier*, 14 Tex. 337 (1855); *Beal v. Alexander*, 6 Tex. 531 (1855). *See Hughes v. Atlantic Refining Company*, 424 S.W.2d 622 (Tex. 1968); *Consolidated Furniture Company v. Kelly*, 366 S.W.2d 922 (Tex.1963); *Hanover Fire Ins. Co. v. Shrader*, 89 Tex. 35, 33 S.W. 112 (1895); 2 R. McDonald, Texas Civil Practice, § 5.20 (1970); 5 Baylor L. Rev. 67 (1952).

The purpose of this rule is to protect a diligent party from being penalized by the errors and omissions of the court clerk. For example, it has been held that a file mark on a document dated two days after the date of judgment would be ignored when the judgment contained a recital that the document was part of the record and properly before the court. *Lessing v. Gilbert*, 8 Tex.Civ.App. 174, 27 S.W. 751 (1894, no writ). As relevant to this case, there have

been instances where the jury was called upon to decide whether the clerk's file mark was accurate or whether the petition in question actually was filed with the clerk within the twenty days prescribed by law. *Kirby v. Travelers Insurance Co.*, 370 S.W.2d 912 (Tex.Civ.App.-Beaumont 1953, writ ref'd n. r. e.); *Texas Indemnity Ins. Co. v. Williamson*, 109 S.W.2d 322 (Tex.Civ. App.-El Paso 1937, writ dism'd). In a related vein, this court has held clerks subject to writs of mandamus for their refusal to transmit applications for writ of error to this court because they believed the cases were without merit, again indicating that the substantive rights of a party may not be thwarted by the misconduct of a clerk. *Wagner v. Garrett*, 114 Tex. 362, 269 S.W. 1030 (1925); *Reeves v. Roseborough*, 114 Tex. 344, 267 S.W. 973 (1925).

More recently, this court has stated that an instrument is deemed filed when it is placed in the custody or control of the clerk. *Glidden Company v. Aetna Casualty & Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956). In *Gonzalez v. Vaello*, 91 S.W.2d 904 (Tex.Civ.App.-San Antonio 1936, writ dism'd), the clerk was absent from his office so the plaintiff placed his petition in a mail box in the clerk's office. Although the plaintiff did this within the prescribed time limits, the petition was not filed by the clerk until two days after time had run. The court of civil appeals there held that the petition was timely filed inasmuch as the plaintiff had done all he could to timely file the instrument, the instrument was within the custody and control of the clerk, and since any delay was due to the absence of the clerk. .

There can be no doubt that Standard Fire's petition in this case was within the effective control of the deputy district clerk, even though it was not within his actual physical possession. The petition would have been delivered to the clerk's office on time but for the act of the deputy district clerk, this conclusion is made more compelling by consideration of a slightly altered state of facts. Assume that the deputy district clerk had instructed the post office to stop delivering mail for an entire week and that the post office complied with this request. It could not seriously be contended that the affected parties should be penalized for the clerk's actions. Standard Fire's position is no different in principle than the hypothetical example we pose. Consequently, we hold that Standard Fire's petition should be deemed in law to be timely filed.

We reject as inapplicable LaCoke's argument that Standard Fire, having chosen the post office as its agent for delivery, should be bound by any delays caused by the post office. The cause of the delay was the deputy district clerk, not the post office. *Cf. Ward v. Charter Oak Fire Insurance Co., supra*, 579 S.W.2d at 910. We further reject LaCoke's argument that our holding today will impose some new duty on the clerk to check the post office continuously each day so as to retrieve and file any late-arriving mail. The duty imposed on the clerk is one under which he already operates: to file such papers as are tendered for filing and to place no obstruction in the paths of parties attempting to file same. *See* Tex.R.Civ.P. 24.

The judgments of the court of civil appeals and the trial court are reversed. This cause is remanded to the trial court for trial on the merits.