Jose Luis **JOHNSON**, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 08–83–00031–CV.

Court of Appeals of Texas, El Paso.

March 14, 1984.

Rehearing Denied April 4, 1984.

Jesus M. Hernandez, El Paso, for appellant.

Jim Curtis, Kemp, Smith, Duncan & Hammond, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a summary judgment dismissing Appellant's attempted appeal from an award of the Industrial Accident Board because the petition was not filed within twenty days as required by Article 8307, sec. 5, Tex.Rev.Civ.Stat.Ann. We affirm.

The facts are undisputed. The Industrial Accident Board rendered its final award on May 27, 1982. Appellant timely filed his notice of intention to appeal on June 14. He had twenty days within which to bring suit. Article 8307, sec. 5, Tex.Rev.Civ.Stat. Ann. The twentieth day for filing suit was Sunday, July 4. Article 4591, Tex.Rev.Civ. Stat.Ann., declares the 4th day of July as a legal holiday. Article 8307, sec. 5b, Tex. Rev.Civ.Stat.Ann., provides that "in computing the twenty (20) days to institute a suit to set aside the final ruling of said Board, if the last day is a legal holiday or is Sunday, then, and in such case, such last day shall not be counted, and the time shall be and the same is hereby extended so as to include the next succeeding business day; * * *." The record contains an affidavit of the District Clerk that by a proclamation passed by the El Paso County Commissioners Court, July 5, 1982, was a holiday for all county employees and the office of the District Clerk was closed on that date. Appellant's petition appealing the award of the Industrial Accident Board was filed on July 6.

By three points of error, the Appellant complains of the trial court's determination that his appeal was not timely filed and the court's dismissal of the suit.

Only the days designated in Article 4591, Tex.Rev.Civ.Stat.Ann., are legal holidays. *Smith v. Harris County-Houston Ship Channel Navigation District,* 160 Tex. 292, 329 S.W.2d 845 (1959). Although the Commissioners Court could give all county employees a holiday on a Monday when the 4th of July was on a Sunday, they could not declare Monday to be a legal holiday. A closing of a courthouse in order to give employees a holiday does not extend filing deadlines which fall on such day. *Grajeda v. Charm Homes, Inc.,* 614 S.W.2d 176 (Tex.Civ.App.—El Paso 1981, no writ). Also see: *Zidell v. NHP Real Estate Company,* 643 S.W.2d 199 (Tex.App.—Austin 1982, no writ).

The twenty-day period for filing a petition to set aside an award of the Industrial Accident Board is mandatory and jurisdictional. A failure to file within the statutory period leaves the trial court without jurisdiction over the case. *Standard Fire Insurance Company v. LaCoke,* 585 S.W.2d 678 (Tex.1979); *Cavazos v. Texas Employers Insurance Association,* 631 S.W.2d 196 (Tex.App.—Corpus Christi 1982, no writ). Appellant's three points of error are overruled.

The judgment of the trial court is affirmed.

STEPHEN F. PRESLAR, Justice, dissenting.

We are construing the Workers' Compensation Act and the legislature has mandated that it be given a liberal construction. This makes it different from the cases relied on by the majority as controlling authority in this case, which involve the Rules of Civil Procedure. As set out in the majority opinion, Article 8307, sec. 5b of the Workers' Compensation Act is controlling here. Cases construing the Rules of Civil Procedure would be analogous except for the fact that in construing Section 5b we

are doing so under a legislative mandate set out in the Workers' Compensation Act that it shall be liberally construed. I find the majority's construction of Section 5b not in keeping with the legislative direction.

I quote from the concurring opinion of Judge Gammage in *Zidell v. NHP Real Estate Company*, 643 S.W.2d 199 (Tex.Civ. App.—Austin 1982, no writ), where the Austin court felt compelled to follow this Court's decision in *Grajeda v. Charm Homes, Inc.*, 614 S.W.2d 176 (Tex.Civ.App. —El Paso 1981, no writ):

> The arbitrary and rigid application of rules in a manner which ignores logic can only serve to confirm in the minds of those laymen and lawyers what is already believed, or at best strongly suspected, by many—that the law bears little relationship to reason or reality. Such practices in an earlier day motivated Charles Dickens (and could well motivate others in our time) to comment through a frustrated Mr. Bumble: "If the law supposes that, ... the law is a ass—a idiot .... [A]nd the worst I wish the law is, that his eye may be opened by experience—by experience." Dickens, Oliver Twist, in Three Novels (Hamlyn, 1977), at 356.

I am not sure that the summary judgment proof in the case before us supports the majority position. A valid order of the Commissioners Court of El Paso County, declaring July 5 a holiday, was presented on behalf of the workman. An order of a commissioners court, in a proceeding in which it has jurisdiction, is in effect a judgment having all the incidents and properties attached to a similar judgment pronounced by any regular court. *Busch and Company v. Caufield*, 135 S.W. 244 (Tex. Civ.App.1911, writ ref'd). This Appellant then was subject to a valid court order declaring July 5 to be a legal holiday within the confines of El Paso County where he had to file his petition. In the face of this, the defendant's summary judgment evidence does not prove as a matter of law that July 5 was not a legal holiday. The court order is more than one to close the door of the courthouse, it is a holiday from

the clerk's office doing business. This refutes the argument that he could have sought out a clerk or deputy clerk at their home.

It is held that the legislature has enumerated the legal holidays as they apply to judicial proceedings. Article 4591, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1983); *Zidell v. NHP Real Estate Company*, supra. But the Appellant here is caught between an act of the legislature giving him a claim for injuries and the valid act of the commissioners court preventing him from pursuing that claim. His only relief can come from the courts. It is not a liberal construction of Section 5b when the courts deprive an injured workman of his day in court on a distinction between a state declared holiday and a county declared holiday.

In two fairly recent cases, the Supreme Court has relaxed the twenty-day rule. *Ward v. Charter Oak Fire Insurance Co.*, 579 S.W.2d 909 (Tex.1979), and *Standard Fire Insurance Company v. LaCoke*, 585 S.W.2d 678 (Tex.1979). Ward relaxed the strickness of the rule by allowing the late filing when it had been placed in the United States Mail one day or more prior to its due date. It has no application here, but La-Coke is very much in point. There, mail was delivered to the clerk twice a day, and a deputy directed the mail carrier to dispense with the second delivery. That caused the claimant's petition to be one day late. It was held that the petition was deemed as timely filed. Said the court: "the substantive rights of a party may not be thwarted by the misconduct of a clerk. *Wagner v. Garrett*, 114 Tex. 362, 269 S.W. 1030 (1925); *Reeves v. Rosenborough*, 114 Tex. 344, 267 S.W. 973 (1925)," and "[i]t could not seriously be contended that the affected parties should be penalized by the clerk's actions." In the case before us, a third party, either the commissioners court or the clerk, prevented the claimant from exercising his rights, and he is entitled to have his petition filed.

I would reverse the summary judgment.