IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

─────────────────

No. 01-40425

─────────────────

JAMES J. NAPLES, M.D.,

                                        Plaintiff-Appellee,

versus

SUN-TZU MANAGEMENT; ET AL.,

                                        Defendants,

EVANGELINE JOHNSON,

                                        Defendant-Appellant.

─────────────────

Appeal from the United States District Court
For the Eastern District of Texas
(5:00-CV-153)

─────────────────

July 10, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and EMILIO M. GARZA,
Circuit Judges.

PER CURIAM:[*]

     Appellee James J. Naples, M.D. sued Sun-Tzu Management, Inc.
and Appellant Evangeline Johnson in state court for breach of
contract and fraud. After filing for Chapter 11 bankruptcy, Johnson
removed the case to federal court pursuant to 28 U.S.C. § 1452. The
district court dismissed the case for lack of subject matter

─────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

jurisdiction, and Johnson appeals. We reverse and remand.

I

Naples sued Sun-Tzu Management and Johnson in state court for breach of contract and fraud, arising out of a dispute concerning an alleged agreement to finance the purchase of a hospital located in Dallas County, Texas. The case was scheduled for trial on December 29, 1999 but the defendants did not appear and the state court entered a default judgment awarding Naples $1,050,402.30 and other relief. On March 9, 2000, the state court entered a turnover order, noting that the defendants failed to appear for a hearing on Naples' motion for a turnover order despite having been sent notice by fax and certified mail.

Johnson argues that she did not learn of the default judgment against her until February 25, 2000, and that on March 10, 2000 she filed a Motion to Suspend Turnover and Reset Date of Judgment Order. There is no record of this motion—it is absent from the court's docket sheet and Johnson's counsel cannot produce a filemarked copy. But it does appear to have been delivered to the court clerk. The court scheduled a hearing on the motion in a written, signed order dated March 22, 2000. Johnson re-filed the motion on August 24, 2000, asking the state court to reset the effective date of the default judgment to February 25, 2000, the date she claims that she received notice of the judgment.

On March 20, 2000, Johnson filed a suggestion of bankruptcy, giving the state court notice that she had filed for Chapter 11

2

bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas. Before the state court ruled on Johnson's motion to reset date, she removed the state court action to federal district court pursuant to 28 U.S.C. § 1452, which authorizes the removal of pending state claims related to bankruptcy cases.

Naples then moved to remand to state court, and alternatively for mandatory abstention under 28 U.S.C. § 1334(c)(2). He argued that removal was improper because the state court judgment was final and the plenary power of the state court had terminated pursuant to Tex. R. Civ. P. 329(b). Naples also argued that the removal was untimely, that if there was any cause of action to remove then mandatory abstention was required, and that the notice of removal was defective. Johnson argued that the case was removable because the state court retained the jurisdiction to consider his post-judgment motions for relief from the default judgment and the turnover order.

The matter was referred to a magistrate judge, who issued a report recommending that a motion to transfer venue be denied as moot, a matter not before us, that the motion for remand be denied, and that the case be dismissed for lack of subject matter jurisdiction because nothing remained to be litigated in state court. She concluded that Johnson's motion to set aside the default judgment was untimely and did not reinvoke the state court's jurisdiction. She also held that the motion to suspend the turnover

3

order was not filed until August 24, 2000, rejecting Johnson's arguments that the motion had been filed long before the docketing date. The district court adopted the magistrate judge's report, rejecting Johnson's claim that 28 U.S.C. § 1447(c) mandates that actions must be remanded to state court even if it appears that the remand would be futile because the state court would also lack jurisdiction.

## II

Johnson argues that the district court had subject matter jurisdiction because the state court judgment was not final. She further argues, in the alternative, that if the district court lacked subject matter jurisdiction, the case should have been remanded to state court. We review the district court's decision to dismiss for lack of subject matter jurisdiction *de novo*.[1]

Federal district courts lack jurisdiction to review final state court judgments.[2] A state court judgment is final if (1) it is "subject to no further review or correction in any other state tribunal," and (2) it is "final as an effective determination of the litigation and not of merely interlocutory or intermediate

---

[1] *Brumme v. I.N.S.*, 275 F.3d 443, 447 (5th Cir. 2001).

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *In re Meyerland Co.*, 960 F.2d 512, 515 (5th Cir. 1992) (noting "the rule that federal district courts lack jurisdiction to review final state court judgments").

4

steps therein."[3]

Naples claims that removal was improper because at the time of removal, the state court judgment was final and the plenary power of the state court had terminated pursuant to Tex. R. Civ. P. 329(b). Under Texas law, a trial court loses plenary power to grant a new trial thirty days after signing a judgment.[4] But if a party adversely affected by a judgment has not received notice via first-class mail and has no actual knowledge of the order within twenty days after the judgment is signed, the thirty-day period begins on the date that the party or his attorney received notice or acquired actual knowledge of the judgment as long as that date is within ninety days after the judgment was signed.[5]

In this case, the state court signed a default judgment on December 28, 1999 and thus lost plenary jurisdiction on January 27, 2000 in the absence of a timely motion. Johnson claims that she did not receive proper notice of the default judgment, providing a sworn affidavit from her attorney which states that neither Johnson nor her attorney possessed notice or actual knowledge of the judgment within twenty days of the date on which the default judgment was signed and asserts that Johnson did not learn of the

---

[3] *Market St. Ry. Co. v. Railroad Commission of State of Cal.*, 324 U.S. 548, 551 (1945).

[4] Tex. R. Civ. P. 329b; *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex. 1983).

[5] Tex. R. Civ. P. 306a.

judgment until February 25, 2000. She also claims that her motion to suspend the turnover order and reset the judgment date was filed "on or about March 10, 2000," although there is no file-stamped copy with that filing date. She points to the fact that the state court set a hearing on the motion for April 10, 2000. The state court's written, signed order setting the hearing, dated March 22, suggests that the motion was filed, but somehow lost or misplaced by the court clerk.

The district court held that the affidavit from Johnson's attorney sufficiently established that she was first aware of the default judgment on February 25, 2000, noting that under Texas law a trial court is bound to accept a movant's sworn affidavit as true, absent a hearing.[6] Applying Rule 306a, the district court determined that Johnson had until March 27, 2000 to properly reinvoke the trial court's jurisdiction but found that Johnson did not timely file a motion with the trial court. Naples does not contest the district court's finding that Johnson was first aware of the default judgment on February 25, 2000, and it is not clearly erroneous. Johnson argues, however, that the district court clearly erred in determining that she had not timely filed a motion to reinvoke the court's jurisdiction. She claims that there is sufficient evidence to establish that she filed the motion before March 27, 2000, despite the absence of a filemarked copy.

---

[6] *Ward v. Nava*, 488 S.W.2d 736, 737 (Tex. 1972).

Naples contends that even if Johnson filed the motion within thirty days of acquiring knowledge of the judgment, the act of filing the motion does not itself extend the duration of the state court's plenary power over the judgment. He points to a recent Texas court of appeals decision, *In re Bokeloh*,[7] which specifies that to invoke Rule 306a, a party must file a sworn motion, provide notice to the other parties, and "prove in the trial court the date upon which the party adversely affected first received the clerk's notice of judgment or acquired actual knowledge that the judgment had been signed."[8]

But Naples misconstrues the law. *Bokeloh* only requires that the motion "set forth facts that create a *prima facie* case demonstrating the party did not receive the clerk's notice or acquire actual knowledge of the judgment within twenty days after the judgment was signed."[9] Johnson urges that she submitted a sworn affidavit from her attorney with the motion to reset date of judgment that she filed on March 10, 2000–the same affidavit submitted with the motion when she re-filed it on August 24, 2000. That affidavit alleged each of the jurisdictional elements required under Rule 306a(4), and the district court correctly held that it establishes February 25, 2000 as the date of first awareness of the

---

[7] 21 S.W.3d 784 (Tex. App.–Hous. [14th Dist.] 2000).

[8] *Id.* at 791.

[9] *Id.*

default judgment. The remaining issue before us, then, is whether the district court's determination that Johnson did not timely file a motion to reinvoke the court's jurisdiction is clearly erroneous.

Under Texas law, an instrument is deemed to be filed at the time it is delivered to the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing.[10] The Texas Supreme Court has repeatedly held that a legal instrument is deemed to be filed before an official file mark was affixed where there is external evidence of an earlier delivery date. In *Standard Fire Insurance v. LaCoke*,[11] an insurer's petition for review was received one day late because the deputy district clerk had instructed the postman not to deliver the afternoon mail, which he would pick up a day later.[12] The court held that the "petition in this case was within the effective control of the deputy district clerk, even though it was not within his actual physical possession."[13]

Similarly, in *Biffle v. Morton Rubber Industries, Inc.*,[14] the deputy clerk inadvertently failed to filemark a cost bond until

---

[10] *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979).

[11] *Id*.

[12] *Id*. at 679-80.

[13] *Id*. at 681.

[14] 785 S.W.2d 143 (Tex. 1990).

after the deadline for perfecting an appeal had passed. Noting that the deputy clerk submitted a signed affidavit affirming that the bond was timely received, the court held that the instrument was timely filed because it was in the custody and control of the clerk.[15]

The district court, in rejecting Johnson's argument, stressed that unlike the parties in *LaCoke* and *Biffle*, Johnson cannot present "clear evidence" that her motion was timely filed. The court cited *First Heights Bank, FSB v. Marom*,[16] in which a Texas appellate court held that a letter dated February 25 was filed on March 1, when it was filestamped.[17] In *Marom* there was no evidence that the letter was filed on February 25 aside from the testimony of a representative of one of the parties.[18]

Although the district court relied upon the affidavit of Johnson's attorney to establish the date of his first awareness of the default judgment, it properly concluded that the testimony of an adversely affected party or the party's attorney is not enough to establish the date that a motion was filed when the testimony conflicts with the official file mark. Indeed, this was the holding in *Marom*. But there is more evidence in this case. On March 22,

---

[15] *Id.* at 144.

[16] 934 S.W.2d 843 (Tex. App. Hous. (14th Dist.)) (1996).

[17] *Id.* at 845 n.1.

[18] *Id.*

2000-twelve days after Johnson claimed that she filed the motion and five days before the Rule 306a deadline-the state court issued a written, signed order setting a hearing on the motion for April 10, 2000. Indeed, Johnson's counsel states in his affidavit that he traveled to New Boston for the hearing, which was ultimately not conducted.[19] Also, contemporaneous correspondence between the parties refers to the motion and suggests that it was filed in early March 2000, and the court clerk explicitly requested an additional certificate of conference, indicating that the motion was filed. This evidence, taken together, establishes that Johnson filed a motion to reset date of judgment on March 10, 2000. In any event, given that the state court ruled on Johnson's motion on March 22, 2000-five days before the Rule 306a deadline-it is clear that her motion was filed by that date. The magistrate judge's contrary finding is clearly erroneous.

The act of filing the motion and supporting affidavits is itself sufficient to invoke the trial court's jurisdiction,[20] which renders the default judgment something less than a "final" judgment

---

[19] According to the affidavit of Johnson's counsel, Naples's counsel was initially not present for the hearing on April 10. Apparently Naples's counsel and the trial judge concluded, in an ex parte conversation, that no hearing would be necessary because a Suggestion of Bankruptcy had been filed. Johnson's counsel claims that once he explained that the bankruptcy stay did not bar actions on behalf of the debtor, the judge contacted Naples's counsel, who returned to the courthouse hours later. Nonetheless, the hearing was not held on that day.

[20] *In re Bokeloh*, 21 S.W.3d at 791.

within the relevant definition used by this court.[21] Accordingly, we hold that the state court judgment was not final for purposes of invoking federal removal jurisdiction, and that the district court erred in determining that it lacked subject matter jurisdiction.

Because the case was removable to federal court, we need not decide whether the district court erred in dismissing the case rather than remanding to state court, as required by 28 U.S.C. § 1447(c). We thus decline to consider this question, given that the district court had subject matter jurisdiction in this case.

## III

We therefore REVERSE and REMAND the case to the district court for further proceedings. REVERSED AND REMANDED.

---

[21] *See supra* note 3 and accompanying text.