Opinion issued November 29, 2007

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00103-CR

NO. 01-06-00104-CR






MARK ALLEN STRANGE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause Nos. 1028067 & 1030104 






CORRECTED OPINION

 On November 6, 2007, this Court considered the State's motions to dismiss
these appeals for lack of jurisdiction. The State contends that appellant, Mark Allen
Strange, did not timely perfect his appeals. Appellant does not dispute that his
notices of appeal were file-marked beyond the deadline imposed by the Rules of
Appellate Procedure, but contends that the late filing resulted from clerical error. We
grant the State's motions and dismiss the appeals for lack of jurisdiction.

Background


 Appellant, Mark Allen Strange, waived a jury trial and was convicted of two
first-degree felony offenses of misapplication of fiduciary property. See Tex. Pen.
Code Ann. § 32.45(c) (7) (Vernon Supp. 2006). The trial court assessed punishment
at 15 years' confinement for each offense, to run concurrently, and signed the
judgments on November 10, 2005. No party filed a motion for new trial. 

Jurisdiction


 Ascertaining whether this Court has jurisdiction is a threshold issue in every
case. State v. Roberts, 940 S.W.2d 655, 657 (Tex. Crim. App.1996), overruled on
other grounds by State v. Medrano, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002); Ex
parte Armstrong, 8 S.W.2d 674, 676 (Tex. Crim. App. 1928). We have no authority
to dispose of a pending controversy unless our jurisdiction has been invoked. White
v. State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001) (citing Ex Parte Caldwell, 383
S.W.2d 587, 589 (Tex. Crim. App. 1964)); Douglas v. State, 987 S.W.2d 605, 605-06
(Tex. App.--Houston [1st Dist.] 1999, no pet.). If our jurisdiction has not been
legally invoked, our only appropriate disposition is to dismiss for want of jurisdiction. 
White, 61 S.W.2d at 428; see also Douglas, 987 S.W.2d at 606 (declining to apply
rule 2 of Rules of Appellate Procedure to suspend deadline for filing notice of appeal)
(construing Tex. R. App. P. 2(b), 26.2., and 26.3 and citing Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996)). 

 Article 44.02 of the Code of Criminal Procedure codifies a convicted
defendant's right to appeal his criminal conviction. Tex. Code Crim. Proc. Ann.
art. 44.02 (Vernon 2006); Stansberry v. State, No. PD-08670-06, 2007 WL 1828901,
*2 n.9 (Tex. Crim. App. June 27, 2007) (not yet reported) (citing article 44.02). Rule
25.2 of the Rules of Appellate Procedure restricts a defendant's right of appeal in
certain cases, none of which applies here. See Tex. R. App. P. 25.2(a)(2); Stansberry,
2007 WL 1828901 at *2 n.9 (citing rule 25.2(a)(2)). 

 Our jurisdiction over a criminal appeal derives from Article V, section 1 of the
Texas Constitution and the Code of Criminal Procedure. Tex. Const. art. V, § 1;
Tex. Code Crim. Proc. Ann. art. 44.01-.02 (Vernon 2005 & Supp. 2007-08); see
also Chavez v. State, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006) (citing Tex. R.
App. P. 25.2; White, 61 S.W.3d at 427-28) (stating that Rules of Appellate Procedure
"do not establish appellate jurisdiction," but, rather, delineate mandatory procedures
for invoking appellate jurisdiction). 

A. Prerequisites to Invoking This Court's Jurisdiction

 Rules 25.2 and 26.2 impose the procedural prerequisites by which a defendant
may invoke the criminal appellate jurisdiction vested in this Court by the Texas
Constitution and the Code of Criminal Procedure. See Chavez, 183 S.W.3d at 679
(applying rule 25.2).

 1. Deadline to File Notices of Appeal--Rules 25.2(b), (c)(1), 26.2(a)

 Rule 25.2(b) applies to all non-death-penalty cases. Tex. R. App. P. 25.2(b). 
Pursuant to this rule, appellant had to perfect his appeals by "timely filing a sufficient
notice of appeal" for each trial-court cause. See id.; Chavez, 183 S.W.3d at 679; State
v. Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000). A notice of appeal must
be in writing and must be filed with the clerk of the trial court. Tex. R. App. P.
25.2(c)(1); see Douglas, 987 S.W.2d at 605 n.2 (distinguishing Tex. R. App. P.
25.1(a), which applies to civil cases and permits "mistaken" filing notice of appeal
with court of appeals, from Tex. R. App. P. 25.2, which applies to criminal cases and
restricts location of filing mandatory notice to clerk of trial court). 

 No motion for new trial was filed in either trial-court cause. Therefore, to meet
rule 25.2(b)'s timeliness requirement and to invoke this Court's jurisdiction, appellant
had to file his notices of appeal with the clerk of the trial court within the 30 days
after the trial court signed the judgments. See Tex. R. App. P. 25.2(b), (c)(1), 26.2(a);
Bailey v. State, 160 S.W.3d 11, 13 (Tex. Crim. App. 2004) (reiterating 30-day filing
requirement in absence of motion for new trial). 

 In this case, the trial court signed the judgments in both causes on Thursday,
November 10, 2005. Accordingly, appellant's notices of appeal were due to be filed
by Monday, December 12, 2005. See Tex. R. App. P. 26.2(a) ; see also Tex. R. App.
P. 4.1(a) (governing computation of time when, as here, last day of period falls on
Saturday or Sunday). 

 2. Alternative Deadline to File Motion to Extend Deadline--Rule 26.3

 This Court may extend a deadline for filing a notice of appeal, provided an
appellant complies with rule 26.3. See Tex. R. App. P. 26.3. But this rule, too,
imposes a time limit. See id. To have invoked our rule 26.3 authority, appellant had
to (1) file notices of appeal for both trial-court causes in the trial court and (2) file
motions requesting an extension of time with this Court within the 15 days after the
notices of appeal were due. See id.; Douglas, 987 S.W.2d at 605-06. Because the
notices of appeal were due on Monday, December 12, 1005, appellant had to invoke
our rule 26.3 authority by Tuesday, December 27, 2005. The limited, 15-day
extended time period applies to both the notice and the motion for extension; both
must be filed within the 15-day time period. Olivo, 918 S.W.2d at 523; Douglas, 987
S.W.2d at 606. 

B. Prerequisites to Exercise of Jurisdiction Not Met

 Appellant directs our attention to the preliminary steps he took to appeal his
convictions on November 30, 2005, when the trial court signed the judgments. On
that day, appellant filed and presented to the trial court a single-page document
pertaining to both trial-court cause numbers. This document contained (1) appellant's
pauper's oath, in which (2) he also requested that counsel be appointed for appeal and
(3) that the reporter's record be prepared. On that same day, November 30, 2005, the
trial court endorsed appellant's oath and signed orders that appointed counsel for
appeal and ordered the court reporter to prepare the reporter's record. 

 Appellant did nothing further to perfect his appeal until January 10, 2006,
when the district clerk filed appellant's notices of appeal. Appellant neither filed his
notices of appeal by the December 12, 2005 deadline, nor moved to extend the
December 12, 2005 deadline pursuant to rule 26.3. (1) Appellant did not, therefore,
comply with rule 26.2's mandate that the "written notice of appeal must be filed with
the clerk's office within thirty days of sentencing" in a case in which no motion for
new trial has been filed. See Stansberry, 2007 WL 1828901 at *2. Accordingly, this
Court never acquired jurisdiction over the appeals. See id.

 Appellant does not dispute the January 10, 2006 filing dates stamped on his
notices of appeal by the Harris County District Clerk. January 10, 2006 was 29 days
after December 12, 2005, when the notices were initially due to be filed, pursuant to
rule 26.2(a), and 14 days after December 27, 2005, the last possible date for a timely
rule 26.3 motion in this Court. (2)


C. Filing Error by District Clerk?

 Appellant's response to the State's motion to dismiss his appeals acknowledges
that his notices of appeal were not marked "filed" until January 10, 2006, but he
contends that the file mark constitutes a "clerical error" by the district clerk. 
Appellant explains the late file marking on the face of the notice as a mere
"discrepancy" between actual presentment of the notice to the trial court, which
occurred on November 30, 2005, and receipt of the notice by the district clerk, which
did not occur until January 10, 2006. 

 Appellant's contentions disregard that he had to invoke this Court's jurisdiction
by filing his notice of appeal timely with the clerk of the trial court. See Few v. State,
230 S.W.3d 184, 189 (Tex. Crim. App. 2007) ("'In a criminal case, appeal is
perfected by timely filing a sufficient notice of appeal.'") (quoting Tex. R. App. P.
25.2(b)); Bailey, 160 S.W.3d at 13. Appellant has not provided us any
authority--and we know of none--on which we may rely to support exercise of our
appellate jurisdiction based solely on timely "presentment" of a notice of appeal to
a trial court, despite late filing with the clerk. 

 Appellant relies on the following recital in the late-filed notices of appeal: "On
November 30, 2005, [appellant] gives NOTICE OF APPEAL of his conviction." 
(Emphasis added.) But rules 25.2(b) and (c)(1) do not address either "giving" or
"presenting" the notice of appeal, but, rather, unequivocally require that notices be
"filed" with the clerk in order to perfect an appeal and vest jurisdiction with this
Court. See Tex. R. App. P. 25(b), (c)(1) (emphasis added); Stansberry, 2007 WL
1828901 at *2. A document is "filed" 'when it is placed in the custody or control of
the clerk.'" Stansberry, 2007 WL 1828901 at *2 & n.12 (quoting Standard Fire Ins.
Co. v. La Coke, 585 S.W.2d 678, 681 (Tex. 1979) and recognizing principle as "long
recognized in civil jurisprudence"); see also Tex. R. App. P. 25.2(e) (imposing duty
on clerk to mark date of filing on notice of appeal). As filed with this Court, the
record on appeal shows that appellant's notices were not marked as filed until January
10, 2006 and, thus, too late. 

 In addition to reaffirming the filing requirement in Stansberry, the Court of
Criminal Appeals also recognized that "a litigant who properly pursues his right to
appeal should not be prejudiced by a clerk's error that prevents the timely filing of
a notice of appeal." Id. at *2. Accordingly, "[i]f a document would have been timely
filed but for an error by an employee of the court, then the document is considered to
be timely filed." Id. The exception to the filing requirement recognized in
Stansberry does not apply. 

 In this case, the notices of appeal appear in the record and were undisputedly
filed late. In Stansberry, the record did not contain a "tangible, written notice of
appeal" from which a filing date might be determined. Id. at 2. In this case, appellant
contends that clerical error is the only possible means of explaining the late file-marking on the notices of appeal. But in Stansberry, in contrast to this case, the claim
of clerical error was well-founded in the record, not disputed by the State, and
supported by express findings by the trial court that the notice had been filed, all of
which circumstances compelled the conclusion that clerical error had occurred. See
id. In this case, appellant's claim lacks any evidentiary support in the record. Indeed,
the record contravenes appellant's claim. 

 At Stanberry's plea hearing, his trial counsel stated on the record that he would
be filing a notice of appeal, and that the notice would be filed as soon as the hearing
concluded. Id. at *1. There are no similar oral pronouncements in this case. When
Stansberry's newly appointed appellate counsel could not locate a notice of appeal
in the clerk's file, he filed a motion asking to amend any notice that might exist and
also contacted Stansberry's trial counsel, who provided affidavits attesting that the
notice had been timely filed. Id. Appellate counsel filed these affidavits with the trial
court, which conducted a hearing on the timeliness issue, during which the State did
not challenge either the affidavits or appellate counsel's assertions. Id. The hearing
concluded with "an express finding" by the trial court that Stansberry had timely filed
his notice of appeal. Id. at *1, *2. 

 Though acknowledging the significance of lack of a "tangible, written notice
of appeal" in the clerk's record, the Court of Criminal Appeals held that the
"circumstances demonstrated by the record" compelled holding that (1) "a clerical
error occurred at some point in time between the moment the notice was tendered to
the clerk['s] custody and the moment the omission was discovered" and, therefore,
(2) that Stansberry had satisfied rule 25.2. Id. at *2.

 In this case, we have neither findings by the trial court that would support a
claim of clerical error, nor any proof that would have supported such findings and,
thus, no circumstances like those in Stansberry that would warrant our holding that
clerical error thwarted appellant's compliance with rule 25.2(b). In contrast to the
lack of a "tangible, written" and filed notice of appeal in Stansberry, id. at 2, the
clerk's records in both of appellant's attempted appeals contain tangible, written, and
filed notices of appeal, each of which demonstrates on its face that appellant did not
comply timely with rule 25.2(b) and (c)(1) when the notices were "placed in the
custody or control of the clerk" on January 10, 2006. See id. 

 By arguing that clerical error occurred without offering evidence to support
that argument, appellant seemingly contends that the notices of appeal he "presented"
to the trial court on November 30, 2005 were either lost, overlooked, or somehow
misplaced, in dereliction of the clerk's duties imposed by Tex. R. App. P. 25.2(e),
until they were discovered and marked as filed on January 10, 2006. We disagree,
because appellant's notices of appeal contain additional, adverse information that
precludes applying Stansberry's rule of clerical error to this case. 

 Based solely on the file stamps placed on the notices of appeal by the district
clerk, the notices of appeal were not "tendered" to and thus not "filed" until January
10, 2006. See id. at *2. In addition, however, each notice contains a paragraph by
appellant's "undersigned attorney," in which appellant's counsel reported to the trial
court that (1) he would continue to represent appellant on appeal and that (2)
appellant was indigent. In addition to signing this portion of the notices of appeal,
appellant's counsel recorded the date on which he made these representations to the 
trial court. The date counsel provided is January 10, 2006, specifically, the same date
on which the district clerk marked the notices filed. 

 Because the date on which appellant's counsel provided the additional
information in the notices is the same date on which the clerk marked the notices as
filed, the record of this case compels the conclusion that appellant's counsel did not
tender the notices for filing any earlier than January 10, 2006. In contrast to the
record in Stansberry, which compelled a conclusion of clerical error, the record of
this case negates that claim. 

 We also reject appellant's reliance on the trial court's having certified
appellant's right to appeal both causes, as required by rule 25.2(e). See Tex. R. App.
P. 25.2(e). Appellant contends that, by certifying his right to appeal, the trial court
"clearly recognized" the clerk's clerical error. Nothing in the certification by the trial
court supports this contention. In certifying appellant's right to appeal, the trial court
stated only that, appellant's case "is not a plea-bargain case, and [appellant] has the
right of appeal." 

 For the reasons stated in this opinion, we grant the State's motions to dismiss
the appeals. 


Conclusion


 We dismiss the appeals for lack of jurisdiction.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Publish. Tex. R. App. P. 47.2(b).

1. Because appellant ultimately filed his notices of appeal, though tardily, we distinguish
this case from cases in which, in response to a defendant's claim that other documents
filed in the case sufficiently "demonstrate his desire to appeal," the reviewing court
construed the document or documents as constituting a notice of appeal. See, e.g.,
Kahara v. State, No. 01-05-00414-CR, 2006 WL 3753145 *1 (Tex. App.--Houston
[1st Dist.] Dec. 21, 2006, no pet.) (memo op.) (citing additional court of appeals
cases). The dispositive issue in cases like Kahara, in contrast to this case, is whether
other documents filed in the case constitute substantial compliance with the
requirement to file a notice of appeal and can thus be construed as "sufficient" notice
under rule 25.2(c)(2), despite the defendant's failure to file the actual written notice
required by rule 252(b). See id. (citing Tex. R. App. P. 25.2(c)(2)). Appellant does
not contend on appeal that other documents that he filed constitute substantial
compliance with rule 25.2(b), but that clerical error by the district clerk prevented his
notices from being filed until January 10, 2006. 
2. In the context of rule 26.3 and in accordance with Olivo v. State, 918 S.W.2d
519, 222 (Tex. Crim. App. 1996), this Court declined to extend the holding of the
Supreme Court of Texas in Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997), to
criminal appeals. Douglas v. State, 987 S.W.2d 605, 606 (Tex. App.--Houston [1st
Dist.] 1999, no pet.). In civil cases and pursuant to Verburgt, we may infer, from a
notice of appeal that has been filed late, but within rule 26.3's 15-day extended
period, that the appellant has impliedly invoked our rule 26.3 authority to grant an
extension of time to file the notice of appeal late. See Verburgt, 959 S.W.2d at 615. 
This Court has applied Verburgt to a notice of appeal in a criminal case governed by
the Rules of Civil Procedure. See McCluskey v. State, 64 S.W.3d 621, 623 (Tex.
App.--Houston [1st Dist.] 2001, no pet.) (applying Verburgt, 959 S.W.2d at 617, to
criminal bond-forfeiture proceeding governed by Rules of Civil Procedure). 


 The Court of Criminal Appeals has also applied the reasoning of Verburgt, but
not its holding, to a different context. In Few v. State, 230 S.W.3d 184, 189 (Tex.
Crim. App. 2007), the court acknowledged that the defendant had cited an earlier
"03"trial-court cause number in his notice of appeal, despite reindictment under an
"05" cause number. Id. at *1. In holding unanimously that this clerical error by the
defendant did not defeat the jurisdiction of the court of appeals, the Court of Criminal
Appeals relied on the January 1, 2003 amendments to the Rules of Appellate
Procedure and in part on Verburgt. See Few, 230 S.W.3d at 189 (quoting Verburgt,
959 S.W.2d at 617 ("'The Texas Supreme Court "declines[s] to elevate form over
substance"'")). The Few opinion also relied on the Court of Criminal Appeals'
interpretation of its own precedent in Bayless v. State, 91 S.W.3d 801 (Tex. Crim.
App. 2002). See Few, 230 S.W.3d at 189 & n.23 ("Bayless 'indicated that defects in
notices of appeal should not be described as affecting jurisdiction.'") (quoting 43A
George A. Dix & Robert O. Dawson, Criminal Practice & Procedure § 43.257
at 192-93 (2d ed. Supp. 2005)). 


 But Few addresses only the following issues: substantial compliance of the
notice so that it is "sufficient," as contemplated by rule 25.2(c)(2), and amendment
of the notice, as contemplated by rule 25.2(f). See id. at *4 ("'Notice is sufficient if
it shows the party's desire to appeal from the judgment or other appealable order[.]"';
"'[r]ule 5.2(f) permits 'amending the notice.'" (quoting Tex. R. App. P. 25.2(c)(2),
25(f)). There are no contentions of either substantial compliance or amendment of a
notice in this case. 


 Despite the Court of Criminal Appeals' reliance on Verburgt's reasoning,
nothing in Few suggests that the court has extended the Verburgt holding regarding
timeliness and implied extensions to the timeliness requirement of rule 25.2(b). 
Indeed, Few reaffirms the timeliness requirement. See id. at *4 ("'In a criminal case,
appeal is perfected by timely filing a sufficient notice of appeal.'") (quoting Tex. R.
App. P. 25.2(b)) (emphasis added). The Court of Criminal Appeals has thus limited
its application of Verburgt to the issues of substantial compliance with the sufficiency
requirement of rule 25.2(c)(2) and the permission to amend under rule 25.2(f), without
extending Vergburt's implied-extension rule to criminal cases. In this case, appellant
filed his notice of appeal 29 days after it was due and 14 days after any motion for
extension of time to file the notice was due. Because his notice was filed after rule
26.3's 15-day extended time period, appellant would gain no benefit even if Verburgt
were extended by a holding that we may infer an extension of time when a
defendant's notice of appeal is filed late, but within the 15-day extended time-period
of rule 26.3.